BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director
SARAH M. SUWANDA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Merrick Garland *et al.*,<br><br>Defendants. | Case No. 23-cv-545-SAB<br><br>**ANSWER** |

Defendants Merrick Garland, in his official capacity as Attorney General, Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security ("DHS"), and Anne Milgram, in her official capacity as Administrator of the U.S. Drug Enforcement Administration ("DEA"), hereby respond to the Complaint, ECF No. 1, filed by Plaintiffs The Church of the Celestial Heart, Kai Karrel, Jade J. Osborne, Daniel Pozas, and Sara Mintzer, following the Court's order denying Defendants' motion to dismiss, ECF No. 25.

1. Defendants admit that Plaintiffs submitted the Complaint in this manner.

2. Defendants lack knowledge or information sufficient to confirm or deny the characterization in the first two sentences of paragraph 2, and, therefore, deny them.  As to the third sentence in paragraph 2, Defendants admit that Plaintiffs submitted the Complaint in this manner.  The allegations in the fourth and seventh sentences of paragraph 2 are characterizations of the relief Plaintiffs seek to which no response is required.  However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.  The allegations in the fifth and sixth sentences of paragraph 2 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the allegations in the fifth and sixth sentences of paragraph 2.

3. The allegations in paragraph 3 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the allegations in paragraph 3.

4. The allegations in paragraph 4 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the allegations in paragraph 4.

5. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 5 that a substantial part of the events or omissions giving rise to the claims in this case occurred in this district or that Plaintiffs reside in the judicial district, and, therefore, deny them.  The remaining allegations in paragraph 5 are legal conclusions for which no response is required.

Answer

However, should a response be required, Defendants deny the remaining allegations in paragraph 5.

6. Defendants admit that they are officials in certain federal agencies operating within the United States. The remaining allegations in paragraph 6 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 6.

7. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 7 that a substantial part of the events or omissions giving rise to the claims in this case occurred in this district or that Plaintiffs reside in the judicial district, and, therefore, deny them. The remaining allegations in paragraph 7 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 7.

8. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 8, and, therefore, deny them.

9. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 9, and, therefore, deny them.

10. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 10, and, therefore, deny them.

11. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 11, and, therefore, deny them.

12. The allegations in paragraph 12 relating to a substantial burden are legal conclusions, for which no response is required. However, should a response be required, Defendants deny those allegations. Defendants deny the allegations in paragraph 12 relating to threats of civil or criminal sanctions on behalf of Defendants. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 12, and, therefore, deny them.

13. The allegations in paragraph 13 are legal conclusions for which no response is required.

However, should a response be required, Defendants deny the allegations in paragraph 13.

14. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 14, and, therefore, deny them.

15. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 15, and, therefore, deny them.

16. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 16, and, therefore, deny them.

17. Defendants deny the allegations in paragraph 17 relating to threats of civil or criminal sanctions on behalf of Defendants. The standing and substantial burden allegations in paragraph 17 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the standing and substantial burden allegations in paragraph 17. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 17, and, therefore, deny them.

18. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 18, and, therefore, deny them.

19. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 19, and, therefore, deny them.

20. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 20, and, therefore, deny them.

21. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 21, and, therefore, deny them.

22. Defendants deny the allegations in paragraph 22 relating to the alleged cooperation of state and federal agents, including Defendants, regarding the raid and arrest. Defendants further deny the allegations of a continued threat of prosecution by Defendants. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 22, and, therefore, deny them.

23. Defendants deny the allegations of a threat of sanctions by Defendants or that Defendants destroyed the package seized by the U.S. Customs and Border Protection ("CBP") or arrested Plaintiff Osborne.  The standing and substantial burden allegations in paragraph 23 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the standing and substantial burden allegations in paragraph 23.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 23, and, therefore, deny them.

24. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 24, and, therefore, deny them.

25. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 25, and, therefore, deny them.

26. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 26, and, therefore, deny them.

27. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 27, and, therefore, deny them.

28. Defendants deny the allegations of a threat of sanctions by Defendants or that Defendants destroyed the package seized by CBP or arrested Plaintiff Osborne.  The standing and substantial burden allegations in paragraph 28 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the standing and substantial burden allegations in paragraph 28.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 28, and, therefore, deny them.

29. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 29, and, therefore, deny them.

30. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 30, and, therefore, deny them.

31. Defendants lack knowledge or information sufficient to confirm or deny the allegations in

1 paragraph 31, and, therefore, deny them.

2 32.     Defendants deny the allegations of a threat of sanctions by Defendants or that Defendants destroyed the package seized by CBP or arrested Plaintiff Osborne.  The standing and substantial burden allegations in paragraph 32 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny the standing and substantial burden allegations in paragraph 32.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 32, and, therefore, deny them.

33.     Defendants admit the allegations in paragraph 33.

34.     Defendants admit that DEA is statutorily charged with enforcing certain aspects of the Controlled Substances Act ("CSA"); that in the CSA, Congress vested in the Attorney General authority to regulate controlled substances; and that pursuant to 21 U.S.C. § 871, the Attorney General delegated this function to the Administrator of DEA.  Defendants aver that DEA's legal authority is generally related (but not limited) to the manufacture, distribution, and dispensing of controlled substances.  Defendants admit that Plaintiffs otherwise accurately identify the named Defendant's official position but aver that the principal place of business of Administrator Milgram is Arlington, Virginia.

35.     Defendants admit the allegations in paragraph 35.

36.     Defendants admit the allegations in paragraph 36.

37.     The allegations relating to due process in paragraph 37 are legal conclusions for which no response is required.  However, should a response be required, Defendants deny those allegations in paragraph 37.  Defendants admit that on August 19, 2021, CBP officers seized a package sent by Mystical Nature to Plaintiff Osborne.  Defendants further admit that a sample of the substance found in the seized package was tested for controlled substances and returned a positive test result for N, N-Dimethyltryptamine ("DMT").  Defendants further admit that Homeland Security Investigations agent James Johnson referred the package to the Tulare County Sheriff Department.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations

in paragraph 37, and, therefore, deny them.

38. Defendants deny the allegations that DHS "instigat[ed]" the case conducted by the Tulare County Sheriff's Department or that Defendants destroyed the package that was seized in August 2021. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 38, and, therefore, deny them.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that criminal prosecutions relating to the unlawful use of DMT have occurred but lack knowledge or information sufficient to confirm or deny the allegations of those specific prosecutions identified in paragraph 40, including whether those cases involved alleged religious use of ayahuasca, and, therefore, deny those allegations. Defendants deny the remaining allegations in paragraph 40.

41. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 41, and, therefore, deny them.

42. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 42, and, therefore, deny them.

43. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 43, and, therefore, deny them.

44. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 44, and, therefore, deny them.

45. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 45, and, therefore, deny them.

46. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 46, and, therefore, deny them.

47. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 47, and, therefore, deny them.

48. Defendants lack knowledge or information sufficient to confirm or deny the allegations in

ANSWER

paragraph 48, and, therefore, deny them.

49. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 49, and, therefore, deny them.

50. Defendants admit that congregations of the Church of the Holy Light of the Queen ("CHLQ"), a plaintiff in a prior lawsuit in the District of Oregon, hold registrations to import and/or manufacture DMT and may lawfully distribute such substances as a coincident activity under 21 C.F.R. § 1301.13(e)(1)(viii) and 21 C.F.R. § 1301(e)(1)(i). Defendants deny that all purported branches or affiliates of the Santo Daime Church have been legally recognized to use ayahuasca as a sacrament in the United States. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 50, and, therefore, deny them.

51. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 51, and, therefore, deny them.

52. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 52, and, therefore, deny them.

53. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 53, and, therefore, deny them.

54. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 54, and, therefore, deny them.

55. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 55, and, therefore, deny them.

56. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 56, and, therefore, deny them.

57. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 57, and, therefore, deny them.

58. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 58, and, therefore, deny them.

ANSWER

59. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 59, and, therefore, deny them.

60. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 60, and, therefore, deny them.

61. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 61, and, therefore, deny them.

62. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 62, and, therefore, deny them.

63. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 63, and, therefore, deny them.

64. The allegations in paragraph 64 about religious sincerity are legal conclusions for which no response is required. However, should a response be required, Defendants deny those allegations in paragraph 64. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 64, and, therefore, deny them.

65. Defendants admit that ayahuasca is a tea made from brewing a mixture of plants that contains the known psychoactive substance DMT and β-carboline alkaloids such as harmine, harmaline, or tetrahydroharmine. Defendants also admit that DMT is a Schedule I controlled substance under the CSA and its ensuing regulations. Defendants deny the allegations in footnote 1 of paragraph 65 "that every human is guilty of possession giving DEA's interpretation of the CSA." Defendants aver that there is evidence of endogenous DMT in mammals, including humans; however, the concentration is generally thought to be quite low. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 65, and, therefore, deny them.

66. Defendants admit that the CSA does not list the psychotria viridis plant as a controlled substance. Defendants deny the allegations that "scientific evidence establishes that the DMT contained therein is not in a form with a 'high potential for abuse.'" Defendants further deny the

1  allegation that they have never communicated, in any form, that they consider the psychotria
2  viridis plant, when brewed as part of ayahuasca, as a substance with a "'high potential for abuse.'"
3  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations
4  in paragraph 66, and, therefore, deny them.

5  67.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in
6  paragraph 67, and, therefore, deny them.

7  68.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in
8  paragraph 68, and, therefore, deny them.

9  69.   Defendants deny the allegations in paragraph 69 that ayahuasca is "not a recreational
10 substance since its effects are challenging and profound." Defendants aver that ayahuasca use is
11 not limited to use as a religious ceremonial sacrament. Defendants deny the allegations that the
12 effects, including vomiting, nausea, and physical discomfort, caused by ingesting ayahuasca are
13 "proven to be quite safe." Defendants lack knowledge or information sufficient to confirm or deny
14 the remaining allegations in paragraph 69, and, therefore, deny them.

15 70.   Defendants admit that congregations of CHLQ and União do Vegetal ("UDV") are
16 registered with DEA, as a result of litigation with the United States government. Defendants admit
17 that congregations of CHLQ and UDV that have been registered with DEA have not had their
18 registrations revoked or suspended based on any violations of the CSA or its implementing
19 regulations. Defendants lack knowledge or information sufficient to confirm or deny the
20 remaining allegations in paragraph 70, and, therefore, deny them.

21 71.   Defendants admit that congregations of Santo Daime and UDV are registered with DEA,
22 as a result of litigation with the United States government, and hold registrations to import and/or
23 manufacture DMT. Defendants lack knowledge or information sufficient to confirm or deny the
24 remaining allegations in paragraph 71, and, therefore, deny them.

25 72.   Defendants admit that DMT, "as well as 'any material, compound, mixture, or preparation,
26 which contains any quantity of [DMT],' is listed in CSA § 812(c), Schedule I(c)." Defendants

ANSWER

further admit that neither psychotria viridis nor banisteriopsis caapi is explicitly listed in the CSA, but Defendants aver that psychotria viridis contains DMT, which is identified as a controlled substance under the CSA. Defendants further aver that there is evidence of endogenous DMT in mammals, including humans; however, the concentration is generally thought to be quite low. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 72, and, therefore, deny them.

73. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 73, and, therefore, deny them.

74. Paragraph 74 is a characterization of the cited case; Defendants refer the Court to the cited case for a complete and accurate statement of its content.

75. Paragraph 75 is a characterization of the cited case and arguments made therein; Defendants refer the Court to the cited case and related briefing for a complete and accurate statement of their contents.

76. Paragraph 76 is a characterization of the cited case and arguments made therein; Defendants refer the Court to the cited case and related briefing for a complete and accurate statement of their contents. Defendants further aver that the last sentence in paragraph 76 is a legal conclusion for which no response is required. However, should a response be required, Defendants deny the allegations in the last sentence of paragraph 76.

77. Paragraph 77 is a characterization of the cited case and arguments made therein; Defendants refer the Court to the cited case and related briefing for a complete and accurate statement of their contents. The remaining allegations in paragraph 77 are legal conclusions for which no response is required. However, should a response be required, Defendants deny those allegations in paragraph 77.

78. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 78, and, therefore, deny them.

79. Defendants deny the allegations in paragraph 79.

80. Defendants admit that congregations of Santo Daime and UDV are registered with DEA, as a result of litigation with the United States government, and hold registrations to import and/or manufacture DMT. Defendants further admit that to date, no other congregations are registered with DEA, but Defendants deny that the lack of additional DEA registrations for the use of ayahuasca for religious purposes are the result of organizations not having a viable mechanism to obtain such a registration.

81. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 81, and, therefore, deny them.

82. Defendants deny the allegations in paragraph 82 relating to Defendants' threats of prosecution and threats to seize Plaintiffs' ayahuasca. The remaining allegations in paragraph 82 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 82.

83. Defendants admit that relevant to this litigation, they acted in their official capacities. Defendants deny the remaining allegations in paragraph 83.

84. The allegations in paragraph 84 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. The allegations in paragraph 89 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. The allegations in paragraph 91 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 91.

92. Defendants lack knowledge or information sufficient to confirm or deny the first two

sentences of paragraph 92, and, therefore, deny them. The remaining allegations in paragraph 92 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 92.

93. The allegations in paragraph 93 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 93.

94. The allegations in paragraph 94 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 94.

95. Defendants admit that on August 17, 2021, CBP intercepted a package containing substances that tested positive for DMT, which was subsequently seized. Defendants deny the allegation that they destroyed the seized package. Defendants lack knowledge or information sufficient to confirm or deny the allegations in paragraph 95 relating to Plaintiffs' ability to practice their religion without ayahuasca, and, therefore, deny those allegations. The remaining allegations in paragraph 95 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 95.

96. The allegations in paragraph 96 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 96. Defendants further deny the allegations that they were involved in the arrest of Plaintiff Osborne.

97. The allegations in paragraph 97 relating to an "enforcement action" and an "imminent threat of prosecution" are legal conclusions for which no response is required. However, should a response be required, Defendants deny those allegations in paragraph 97. Defendants deny the remaining allegations in paragraph 97.

98. Paragraph 98 contains characterizations of the cited cases; Defendants refer the Court to the cited cases for a complete and accurate statement of their contents. The remaining allegations in paragraph 98 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the remaining allegations in paragraph 98.

99. The allegations in the first two sentences of paragraph 99 are legal conclusions for which

no response is required. However, should a response be required, Defendants deny the allegations in the first two sentences of paragraph 99. The last two sentences of paragraph 99 are characterizations of the cases cited; Defendants refer the Court to the cited cases for a complete and accurate statement of their contents.

100. Defendants incorporate by reference herein their responses to paragraphs 1 through 99.

101. The allegations in paragraph 101 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 101.

102. The allegations in paragraph 102 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 102.

103. The allegations in paragraph 103 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 103.

104. The allegations in paragraph 104 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 104.

105. The allegations in paragraph 105 are legal conclusions for which no response is required. However, should a response be required, Defendants deny the allegations in paragraph 105.

106. The allegations in paragraph 106, including subparagraphs (a) through (f), are Plaintiffs' prayer for relief to which no response is required. However, to the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

Defendants incorporate by reference herein their responses to the allegations set forth above. All defenses are asserted by each Defendant. The United States denies each and every allegation not specifically admitted herein. All allegations not expressly admitted are denied.

Without any admission as to the burden of proof or as to any of the allegations in the Complaint, Defendants assert the following additional defenses:

1. Plaintiffs lack standing.

2. Plaintiffs fail to state a claim upon which relief can be granted.

3. Plaintiffs failed to exhaust the administrative remedies available to them.

WHEREFORE, having fully answered Plaintiffs' Complaint, the United States prays that Plaintiffs take nothing, their Complaint be dismissed, and judgment be awarded in favor of the United States together with costs and all other just and proper relief.

Dated: February 22, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

/s/ Sarah M. Suwanda
SARAH M. SUWANDA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*