Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

Sean T. McAllister, Esq. SB # 310962
Sean@mcallisterlawoffice.com
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
Tel. (720) 448-6235

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>Merrick Garland, et al.,<br><br>               Defendants. | Case No. 1:23:cv-00545-SAB<br><br>**JOINT SCHEDULING REPORT**<br><br>**Date:  March 26, 2023**<br>**Time:  10:30 am**<br>**Ctrm:  9 (6th Floor)**<br>**Magistrate Judge Stanley A. Boone** |

      The parties to this action hereby submit this Joint Scheduling Report pursuant to this Court's Orders of April 7, 2023 (Dkt. No. 4) and January 12, 2024 (Dkt. No. 27).

    **1. Summary of Factual and Legal Contentions and Relief Sought:**

      **a. <u>Plaintiffs' Contentions and Relief Sought</u>**

This is suit is brought pursuant to the Religious Freedom Restoration Act of 1993 ("RFRA") 42 U.S.C. § 2000bb-2000bb(4) to redress the deprivation of rights, privileges, and immunities secured to Plaintiffs by the RFRA.

Plaintiff, The Church of the Celestial Heart ("Celestial Heart,") is a syncretic religion based on various well-established religious traditions, including the Santo Daime and Umbandaime religions. In early August, 2021, Celestial Heart sent a package via DHL containing its sacramental tea, ayahuasca ("Daime" or "sacrament"), to Plaintiff Jade J. Osborne. On August 13, 2021, this package was seized first by agents of the U.S. Department of Homeland Security ("DHS"). The package was tested for controlled substances, returning a positive test result for N,N-Dimethyltyptamine ("DMT"), which ayahuasca is known to contain in trace amounts. Agents of the DHS confiscated the sacrament and sent it to the DHS office in Fresno, California. Subsequently, DHS Special Agent Jim Johnson contacted the Tulare County Sheriff's Department to inform local law enforcement about the seizure and content of the package.

Tulare County Sheriff's Department Detective William MacElvaine followed up on the DHS contact and obtained a search warrant. Following the execution of a search warrant by Tulare County Sheriff's Department, Plaintiff Osborne was arrested on suspicion of violating California Health and Safety Code § 11377 (possession of any compound or substance containing DMT) and California Health and Safety Code § 11378 (possession of DMT for sale).

DHS, and its subdivision Defendant U.S. Customs and Border Protection ("CBP") have engaged in a pattern and practice of seizing and destroying countless other shipments of sacramental ayahuasca that have entered the United States. Indeed, following CBP's seizure in this case, agents of CBP collaborated with state law enforcement agencies to threaten criminal prosecution against Plaintiff Osborne. At a minimum, CBP agents are in the chain of custody for the seizure of Plaintiffs' sacrament, ultimately resulting in the arrest of Plaintiff Osborne. The increased seizures of ayahuasca in the United States, the prosecution or threatened prosecution of individuals devoted to the religious use of

ayahuasca including Plaintiff Osborne, and the specific seizure of Celestial Heart's sacrament have a chilling effect on Plaintiffs' ability to practice their religion without fear of persecution resulting in a substantial burden on Plaintiffs' exercise of their religious beliefs.

Despite the fact that ayahuasca use by two (2) other churches in the United States - the União do Vegetal ("UDV") and Santo Daime, is legal, Defendants in this action continue to collaborate with state law enforcement to prosecute churches and their members who use ayahuasca in a religious context. Known criminal prosecutions of those using ayahuasca for religious purposes have occurred in Arizona, California, Colorado, Florida, Michigan, New Mexico, New York, Oregon, Tennessee, and Texas.

Plaintiffs seek an injunction enjoining Defendants herein from preventing Celestial Heart from importing, possessing or using Daime tea in religious ceremonies and from threatening to arrest or prosecute Plaintiffs for their religious use of the Daime. Defendants' actions and policies are unlawful and violate the RFRA in that they burden the central practice of the Celestial Heart's religion, i.e., imbibing its sacramental tea. Each plaintiff is substantially burdened by being forced to choose between following the tenets of his or her religion or being coerced to act contrary to his or her religious beliefs by the threat of civil or criminal sanctions.

Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343(3)-(4), as the case arises under the Constitution, laws and treaties of the United States and seeks to redress the deprivation of rights, privileges and immunities secured to Plaintiffs by the RFRA and the First and Fifth Amendments to the Constitution of the United States.

This Court also has jurisdiction under 28 U.S.C. § 1346 (United States as defendant,) and 28 U.S.C. §§ 2201-2202 and 5 U.S.C. § 706 to grant declaratory relief and to issue preliminary and permanent injunctions and under the Administrative Procedures Act, 5 U.S.C. § 701. As explained in more detail below, there is a present and actual controversy between the parties that is ripe for judicial review.

RFRA provides jurisdiction by making it clear that a person or religious organization burdened by a violation of the RFRA may assert a claim or defense in a judicial proceeding and obtain appropriate relief against the government. 42 U.S.C. § 2000bb-1(c). A substantial part of the events or omissions giving rise to the claims in this case occurred in this district and Plaintiffs reside in the judicial district.

This Court has personal jurisdiction over Defendants and their officials as Defendants are agencies of the federal government operating within the United States.

Venue in this Court is therefore proper under 28 U.S.C. § 1391(e), a substantial part of the events or omissions giving rise to the claims in this case occurred in this district, and Plaintiffs, including Celestial Heart itself, reside in this judicial district.

**b.   Defendants' Contentions**

Defendants write separately simply to note that (i) Defendants disagree with Plaintiffs' characterization of their RFRA claim, as set forth in Defendants' Motion to Dismiss (Dkt. No. 12); and (ii) the veracity of Plaintiffs' allegations relating to their RFRA claim will be subject to development in discovery. Moreover, Defendants maintain that even assuming Plaintiffs can establish a *prima facie* case of a substantial burden, Defendants contend that they will be able to satisfy the compelling interest test as set forth in 42 U.S.C.§ 2000bb–1.

**2.   Detailed Discovery and Pretrial Plan**

Pursuant to Rule 26(f) and the Court's Order of April 7, 2023 (Dkt. No. 4), the parties conferred on March 12, 2024, to prepare the Joint Scheduling Report.

**a.   Date for Exchange of Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)**

The parties met and conferred pursuant to Rule 26(f) on March 12, 2024. The parties intend to make initial disclosures within fourteen (14) days of that conference.

**b.   Proposed Deadline for Amendments to the Pleadings**

At this time, Plaintiffs do not intend to amend the pleadings. The parties propose that any amendment to the pleadings take place prior to May 3, 2024.

Joint Scheduling Report                                      1:23-cv-00545-SAB

**c.  Non-expert Discovery Cut-off Date**

The parties propose September 27, 2024.

**d.  Deadline for Disclosure of Expert Witnesses and Supplemental Witnesses**

The parties propose October 25, 2024, for the disclosure of expert witnesses and November 22, 2024, for the disclosure of supplemental expert witnesses. The parties further propose the following interim dates relating to expert discovery:

- Exchange of expert reports and documents relied upon in preparing such reports: November 25, 2024;
- Exchange of expert rebuttal reports and documents relied upon in preparing such reports: January 10, 2025.

**e.  Expert Witness Discovery Cut-off date**

The parties propose February 21, 2025.

**f.  Proposed Changes to Limits on Discovery imposed by Fed. R. Civ. P. 26(b); 30(a)(2)(A), (B); 30(d); or 33(a);**

The parties do not propose any changes at this time.

**g.  Need for Protective Order Relating to Discovery**

The parties anticipate the need for a protective order relating to the discovery of confidential information.

**h.  Issues/Proposals Regarding Timing, Sequencing, Phasing and Scheduling of Discovery**

None contemplated at this time.

**i.  Video and/or sound recording of depositions**

The parties do not anticipate video and/or sound recording of depositions but reserve the right to make such a request, if appropriate.

**j.  Date for Filing of non-dispositive and dispositive trial motions**

The parties propose 45 days after the close of expert discovery.

**k.  Pretrial Conference Date**

The parties propose 30 days after the Court's ruling on the parties' dispositive motions.

**l.  Trial Date**

The parties propose 14 days after the pretrial conference.

**3.  Parties' Statements as to Settlement**

The parties anticipate that a settlement may be feasible and intend to explore a process through which Plaintiffs may provide relevant information in response to Defendants' set of questions, whether through formal discovery and/or through informal exchanges of information. Depending on the outcome of these exchanges, DEA may conduct a pre-registration site inspection and interviews of Celestial Heart's organization, all with an eye towards exploring the possibility of an out-of-court settlement that would, if successful, result in the issuance of a DEA registration. Although Defendants are not currently in a position to commit to timelines for this process, they are prepared to work with Plaintiffs amicably to determine whether settlement is a possibility. Should the parties commence the settlement process, the parties may delay the propounding of formal discovery to facilitate settlement once a scheduling order has been issued in this case.

**4.  Jury or Non-jury Case and Number of Trial Days Requested**

This is a non-jury case. The parties anticipate a bench trial of 7-10 days but reserve the right to amend their respective requests depending on the scope of discovery.

**5.  Consent to Proceed Before Magistrate**

All parties to this action have filed their Consent to Proceed before Magistrate Judge Stanley A. Boone.

**6.  Necessity for Bifurcation or Phasing of Trial**

The parties agree that no bifurcation or phasing of trial is necessary.

**7.  Related Cases**

This matter is not related to any matter pending before this Court. There are two other RFRA ayahuasca cases pending in the U.S. District Court, District of Arizona: *CEC, et al. v. Merrick B. Garland, et al.*, Case No. 22-cv-01004 and *Arizona Yage Assembly, et*

6

*al., v. Merrick B. Garland, et al.*, Case No. 20-cv-02373; one RFRA ayahuasca case pending in the U.S. District Court, Southern District of Texas: *Kamentsa Inga Church-Soul of the Hummingbird, Inc. et al. v. Garland, et al.*, Case No. 4:23-cv-04173; and two RFRA ayahuasca cases pending in the Eleventh Circuit Court of Appeals: *Soul Quest Church of Mother Earth, Inc., et al. v. Attorney General of the United States, et al.*, No. 22-11072 and *Soul Quest Church of Mother Earth, Inc., et al. v. U.S. Drug Enforcement Administration, et al.*, No. 22-11052.

Dated:   March 19, 2024             Respectfully submitted,

LAW OFFICE OF JACK SILVER

By:  *   /s/ Jack Silver*
        Jack Silver

McALLISTER LAW OFFICE, P.C.

By:  *   /s/ Sean T. McAllister with permission*
        Sean T. McAllister

Attorneys for Plaintiffs:
The Church of the Celestial Heart, a California Religious Corporation, Kai Karrel, Jade J. Osborne, Daniel Pozas and Sarah Mintzer

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIGHAM J. BOWEN
Assistant Branch Director

By: *  /s/ Sarah M. Suwanda with permission*
        Sarah M. Suwanda
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice

Attorney for Defendants