# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHURCH OF THE CELESTIAL HEART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, et al., <br> Defendants. | Case No. 23-cv-545-SAB <br><br> ORDER RE STIPULATED ORDER GOVERNING THE TAKING OF REMOTE DEPOSITIONS <br><br> (ECF No. 36) |

With the agreement of the parties, the Court has determined that there is good cause to issue an order governing the taking of remote fact and expert depositions in the above-captioned matter. IT IS HEREBY ORDERED as follows:

**I. GENERAL GUIDELINES AND SCOPE**

1. This Order Governing the Taking of Remote Depositions (the "Remote Deposition Protocol") will govern, subject to Court approval, the taking of fact and expert depositions in the above-captioned matter as a supplement to rules and procedures that may apply, including those set forth in the Scheduling Order dated March 26, 2024, the Protective Order dated May 15, 2024, and the Federal Rules of Civil Procedure and Evidence.

2. The Deposing Party Counsel is responsible for retaining and covering the cost of the court reporter, videographer, and any other vender retained to assist with the Remote Deposition and needed to comply with the terms of this Protocol. For any Third Party depositions

where both counsel for Plaintiffs and Defendants have noticed the Remote Deposition of the same witness, any costs associated with providing the Platform for the taking of a Remote Deposition shall be split between the Noticing Parties.

3. The Parties agree to use For the Record (the "Vendor") for all Remote Depositions, except that, in the event that circumstances prevent or significantly impede the effective use of the Vendor, other vendors may be used upon consent of the Parties, which will not be unreasonably withheld.

## II. DEFINITIONS

4. "Attending Counsel" means any legal counsel for a party (including counsel of record and agency/in-house counsel) who is not Deposing Counsel or Defending Counsel, but who is attending a Remote Deposition either in person or remotely.

5. "Defending Counsel" means legal counsel representing the Witness with respect to a deposition in this Litigation.  In the event a non-party Witness does not have counsel, then "Defending Counsel" shall mean the Witness.

6. "Deposing Counsel" means the legal counsel of the Party or Parties noticing/and or questioning the Witness at a Remote Deposition in this Litigation.  For clarity, Deposing Counsel does not include any legal counsel who does not notice or cross-notice a Remote Deposition but is afforded reasonable time to ask follow-up questions of the deponent.

7. "Noticing Party" means a Party that noticed a Remote Deposition of a Witness pursuant to Fed. R. Civ. P. 30 including Fed. R. Civ. P. 30(b)(6).

8. "Parties" for purposes of this Remote Deposition Protocol means the named Parties to this Action as well as consultants, agents, representatives, or former employees of the named Parties if they are represented by Defending Counsel or if any Party is paying for their counsel.

9. "Third Party" or "Third-Party Witness" means all natural or legal persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a Remote Deposition in this Litigation.

10. "Platform" means the video-conferencing computer application and document-

sharing application that enables the Parties to conduct a Remote Deposition in accord with this Remote Deposition Protocol.

11. "Remote Deposition" means any deposition conducted pursuant to Fed. R. Civ. P. 30 including Fed. R. Civ. P. 30(b)(6) using a Platform as agreed to under this Remote Deposition Protocol where all of the participants – including Deposing Counsel, Defending Counsel, Attending Counsel, the Witness, court reporters, and/or videographers – are not physically present in the same location at the time the deposition is taken.

12. "Witness" means the person, including Third Parties, whose Remote Deposition has been noticed in this Litigation or any person designated to appear to give testimony on behalf of a Party or Third Party.

13. "Primary Counsel" means counsel designed by the Parties and the Witness at the beginning of the Remote Deposition as provided in this Paragraph. On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each to serve as Primary Counsel. Similarly, if the Witness is a Third-Party Witness, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition.

### III. AGREEMENT TO CONDUCT REMOTE DEPOSITIONS

14. All depositions in this Action shall be Remote Depositions unless otherwise agreed to by the Parties or unless otherwise ordered by the Court. Third-party depositions in this Action shall be held in person at the option of any Noticing Party. In the event a Witness raises a reasonable objection to an in-person deposition, the Noticing Party and the relevant Third-Party shall negotiate in good faith about the format of the deposition. Parties who do not agree to an in-person deposition for a given Witness shall have the opportunity to participate remotely in the deposition using the Platform. A copy of this Stipulation shall be provided to each Witness or Defending Counsel.

15. Remote Depositions in this Action shall be taken in compliance with all applicable local and state regulations and orders governing the Witness's location.

16.     Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness's oath or affirmation may be administered remotely. The place of examination is the location of the Witness. A Remote Deposition will be deemed to have been conducted before an appropriate officer, as long as that officer attends the deposition via the same Platform that the Witness and Primary Counsel use to attend the deposition.

17.     The Parties hereby expressly waive all objections to any Remote Deposition, and the admissibility of any testimony given during a Remote Deposition, based solely on the fact that it was a Remote Deposition. Testimony given during a Remote Deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in this Action to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions or in other modes in this Action.

## IV.   DURATION OF REMOTE DEPOSITIONS

18.     If technical issues result in the inability of any Primary Counsel, the court reporter, videographer, or the Witness to receive either the audio or video feed of a Remote Deposition, the Remote Deposition shall be paused. Any portion of the deposition that has been transcribed while a Primary Counsel or the Witness was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given the opportunity to object to any questions or answers that occurred in their absence. Any time spent, whether on or off the record, dealing with technical issues or other issues unique to the taking of the Remote Deposition shall not count against the time allotted for the deposition by any Order in this Action. The duration of a Remote Deposition may be further enlarged by agreement of the Parties or by order of the Court.

19.     If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, counsel for the Parties and the Witness shall resume the Remote Deposition at the earliest, mutually convenient opportunity.

Either Party or a Third-Party Witness may seek by letter motion a protective order regarding whether or the terms under which the Remote Deposition may resume.

## V. THE TECHNOLOGY TO BE USED FOR REMOTE DEPOSITIONS

20. The Platform must allow for the court reporter to accurately record, and for all participating attorneys and the court reporter to hear and see the Witness, Deposing Counsel, Defending Counsel, and any exhibits that are introduced on the Platform during the Remote Deposition.

21. The Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the Remote Deposition are sent to the Witness, the court reporter, and any Attending or Defending Counsel, who, no later than three days before the Remote Deposition, shall provide their email addresses to the Noticing Party. In the event that both sides have noticed the Remote Deposition, the Party who first noticed the Remote Deposition shall be responsible for coordinating the aforementioned logistics. In lieu of providing the Witness's email address, Defending Counsel may elect, upon notice to the Noticing Party, to forward the email invitation and other relevant information to the Witness directly.

22. The Parties shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform to ensure the transmission of audio and video feeds via the Platform. Upon the request of any Party, the Witness, or Defending Counsel, a Noticing Party shall arrange for the Witness and all participating attorneys to have the ability to participate in a test run of the Platform.

23. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded. All other chat, instant message, e-mail, and/or texting features that may be visible to or used to communicate with the Witness are prohibited and shall be closed or disabled during the Remote Deposition in a manner that prevents the Witness from receiving messages, alerts, and notifications through such features.

24. Remote Depositions subject to this Remote Deposition Protocol shall be recorded

by stenographic means at the expense of the Noticing Party. The deposition may also be recorded by audiovisual means at the election of either side, at the electing side's expense. Each Party will bear its own costs for copies of transcripts and copies of video recordings of any deposition. No Party or person other than the court reporter, videographer, and/or audio recorder shall record any portion of the Remote Deposition. This prohibition extends to capturing images, audio, or footage by any means, including but not limited to taking screenshots, audio recordings, videos, or pictures of the deposition.

25. While Deposing Counsel, the Witness, and Defending Counsel all must be visible via video on the Platform while the Remote Deposition is being conducted, any video recording shall be made using the camera focused on the Witness, not Deposing Counsel or Defending Counsel, or any of the other attendees. Any persons who are attending a deposition other than Deposing Counsel, the Witness, Defending Counsel, and any other counsel in the same room with the witness shall have their cameras and microphones turned off while testimony is being taken on the record unless otherwise agreed upon by Deposing Counsel, the Witness, and Defending Counsel.

26. Any party may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

**VI. EXHIBITS**

27. Deposing Counsel shall be responsible for ensuring that any exhibits that they wish to mark and use at a Remote Deposition can be shown to the Witness in a manner that enables the Witness, the court reporter, and Primary Counsel to review the exhibits in their entirety during the course of the deposition and to control their ability to review the exhibits. The Parties agree that Deposing Counsel, Defending Counsel, and the Witness shall be afforded the opportunity to print a hard copy of the exhibit, to the extent practicable, if they so choose. If the electronic version of the exhibit may be viewed in its entirety in a manner that is legible, any time spent printing a hard copy of an exhibit shall not count against the time allowed for the deposition. Third-Party Witnesses and their Defending Counsel shall not retain any copies of documents used during the

deposition and shall confirm that they will return or destroy any such documents at the end of the deposition. Nothing in this paragraph is meant to preclude Defending Counsel who represents a Witness and is physically located in the same room as the Witness during the Remote Deposition from providing a hard copy of an exhibit that has been introduced to the Witness, provided that doing so does not unreasonably delay the Remote Deposition. Nor is anything in this paragraph meant to preclude any counsel who is physically located in the same room as the Witness during the Remote Deposition from using or providing a hard copy of an exhibit, provided that an electronic copy of the exhibit can be made available simultaneously to those attending the deposition remotely.   The Parties further agree that exhibits shall be marked for the record through the Platform, which shall enable Deposing Counsel to share exhibits with the Witness, court reporter, and all Attending Counsel.

28.     If, during the course of questioning, the Witness wishes to review a document or transcript that is being displayed, the Deposing or Primary Counsel then questioning the Witness shall display or facilitate access to all other portions of the document or transcript requested by the Witness before requiring an answer to the question.

29.     If the Platform for a Remote Deposition does not permit the court reporter to mark exhibits remotely, Deposing Counsel shall be responsible for marking exhibits and ensuring that such marks are communicated to the court reporter and all participating attorneys on the record during the Remote Deposition.

**VII.   MISCELLANEOUS PROVISIONS**

30.     The Parties shall conduct a joint test of the Platform prior to the taking of the first Remote Deposition using that Platform. A Party that fails to participate in such a test waives any objections to the use of the Platform.

31.     Defending Counsel, Deposing Counsel, and the Witness shall enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate, but the video connection shall remain active, with the camera turned on, at all times during a Remote Deposition, except during breaks so long as the Platform connection

is maintained.

32. If privileged information is disclosed during a Remote Deposition inadvertently as a result of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

33. Unless otherwise agreed by the Parties or noticed as an in-person deposition, no person may be physically located in the same room as the Witness during the taking of a Remote Deposition except for: (a) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform, (b) Defending Counsel who represents a Witness, and (c) any Attending Counsel.  Such persons must be logged onto the Platform with a separate video connection unless otherwise agreed by the Parties.  At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the deposition must be identified for the record. Any person joining or leaving the deposition after it begins, with the exception of Plaintiffs' counsel and outside counsel for Defendants, must be identified at the time of their arrival or departure.

34. During a Remote Deposition, the Witness may not communicate with any person regarding the Witness's testimony, except through the Platform, by any means, including through gestures, handwritten communications, email, chat, instant messaging, or text messaging. This restriction does not apply to conversations between the Witness and Defending Counsel during breaks or other recesses not on the record; such conversations can occur in breakout rooms provided by the Platform or other means, to the extent such breaks or recesses and any such conversations taking place during them occur in the manner permitted under applicable federal and local rules and procedures. Notwithstanding the requirements of this Paragraph, a Witness may consult privately with Defending Counsel for the purpose of determining whether a privilege should be asserted so long as the Witness or Defending Counsel states on the record that such consultation is occurring. For the avoidance of any doubt, and in keeping with normal deposition practice, Deposing Counsel, Defending Counsel, and Third-Party Counsel may engage in private communications or discussion amongst themselves during a Remote Deposition, using any

appropriate means (such as email, texting, etc.).

35. While giving testimony, the Witness may not review, read, have before them, or otherwise access any document, including email, text, web pages, social media, video, audio, or any other material, except documents presented to the Witness as exhibits during the Remote Deposition, without the express consent of counsel for all Parties. During the deposition, the Witness shall not consult any outside sources of information, including but not limited to, people, cell phones, smart phones, computers, the Internet, text or instant messaging services, emails, chats, blogs, or websites such as Twitter, Facebook, or LinkedIn, to obtain information in connection with his or her testimony.

36. Based on their experience under this Remote Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Remote Deposition Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Remote Deposition Protocol applicable to depositions to which this Remote Deposition Protocol applies.

37. The Noticing Party shall serve a copy of this Remote Deposition Protocol with any subpoena for deposition testimony in this Action.

38. All persons attending Remote Depositions are reminded that the typical rules of professionalism and etiquette during depositions still apply. All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall undertake best efforts to ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

IT IS SO ORDERED.

Dated:   **May 20, 2024**

_____
UNITED STATES MAGISTRATE JUDGE