UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHURCH OF THE CELESTIAL HEART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK GARLAND, et al., <br><br> Defendants. | Case No. 1:23-cv-00545-SAB <br><br> ORDER DENYING EX PARTE MOTION FOR SANTO DAIME TO FILE BRIEF AS AMICUS CURIAE <br><br> (ECF No. 38) |

**I.**

**INTRODUCTION**

On July 25, 2024, Siva Black, who purports to be acting as an official Santo Daime Temple guard or preeminent independent regulator of his cult Santo Daime, submitted an ex parte motion on behalf of Santo Daime to file a brief as amicus curiae.[1]

///

---

[1] Given Mr. Black's filing is expressly titled "Ex Parte Motion for Santo Daime to file Brief as Amicus Curiae" and Mr. Black states his motion is brought pursuant to Rules 29 and 32 of the Federal Rules of Civil Procedure—which the Court construes as Rule 29 and 32 of the Federal Rules of Appellate Procedure—the Court construes the motion exclusively as a motion requesting leave to participate as amicus curiae. Further, Mr. Black states the brief is brought ex parte because he is currently an inmate at Siskiyou County Jail and does not have access to the parties' contact information. The Court thus concludes Mr. Black filed the motion without the consent of any party. See Fed. R. App. P. 29(a)(2).

## II.

## DISCUSSION

It has been recognized that district courts have the inherent authority to permit and consider amicus curiae briefs, even though such briefs are not specifically provided for in the Federal Rules of Civil Procedure. See In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). District courts therefore rely on Rule 29 of the Federal Rules of Appellate Procedure in addressing such requests. See California v. United States Dep't of Labor, No. 2:13-cv-02069-KJM-DAD, 2014 WL 12691095, at *1 (E.D. Cal. Jan. 14, 2014). The Ninth Circuit has held that "[t]he district court has broad discretion to appoint amici curiae." Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), overruled on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). "The privilege of being heard amicus rests in the discretion of the court which may grant or refuse leave according [to whether] it deems the proffered information timely, useful, or otherwise." Coleman v. Schwarzenegger, No. CIV S-90-0520LKKJFMP, 2007 WL 4276552, at *1 (E.D. Cal. Nov. 30, 2007) (quoting Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy, 54 F.Supp.2d 974, 975 (E.D. Wa. 1999)).

On July 17, 2023, Defendants filed a motion to dismiss this action. (ECF No. 12.) On January 9, 2024, the Court issued an order denying Defendant's motion to dismiss. (ECF No. 25.) On July 25, 2024—over a year after Defendants filed the principal brief—the instant ex parte motion to file a brief as amicus curiae was submitted to support the dismissal of this action. (ECF No. 38.) Under these circumstances, the Court finds the proposed amicus brief to be untimely.[2]

Further, "[t]he touchstone is whether the amicus is 'helpful' " United States Dep't of Lab., 2014 WL 12691095, at *1. Mr. Black—purportedly writing for Santo Daime—seeks to provide the Court with information that disputes the Plaintiffs' religious status and "establishes the existence and presence of a government-church." (ECF No. 38.) The Court does not find granting

---

[2] Although the Federal Rules of Civil Procedure do not address the filing of amicus briefs, Rule 29 of the Federal Rule of Appellate Procedure permits the filing of amicus briefs. Pursuant to Rule 29, the proposed amicus brief is not timely. A motion to file an amicus brief by an amicus curiae that does not support either party must be filed within 7 days of the principal party's brief. Fed. R. App. P. 29(a)(6). Here, Mr. Black seeks to file a brief that would be in support of an *already adjudicated* motion that was filed by Defendants over a year prior, on July 17, 2023. The July 25, 2024 *ex parte* motion to file an amicus brief is well beyond the 7 day timeframe.

amicus status would assist the Court in resolving the underlying action or the already-adjudicated motion to dismiss.  The Court shall therefore deny the motion.

### III.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the ex parte motion for Santo Daime to file an amicus curiae brief (ECF No. 38) is DENIED.

The Clerk of Court is DIRECTED to serve a copy of this order on Siva D. Black, Inmate #26746 at Siskiyou County Jail, 315 S. Oregon Street, Yreka, California 96097.

IT IS SO ORDERED.

Dated:   **July 29, 2024**

UNITED STATES MAGISTRATE JUDGE