BRETT A. SHUMATE
Acting Assistant Attorney General
JULIE STRAUS HARRIS
Assistant Branch Director
SARAH M. SUWANDA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

Counsel for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> Merrick Garland *et al.*, <br><br> Defendants. | Case No. 23-cv-545-ADA-SAB <br><br> **JOINT MOTION TO EXTEND THE DISCOVERY SCHEDULE** <br> **(Second Request)** |

Pursuant to Fed. R. Civ. P. 6(b), the parties move to extend the discovery schedule deadlines by 60 days, excluding the pretrial conference and trial dates,[1] as set forth fully in this Motion, accompanying Declarations, and Stipulation. *See* Ex. A, Declaration of Sarah M. Suwanda ("Suwanda Decl."); Ex. B, Declaration of Rachel Aranas ("Aranas Decl."); Ex. C, Stipulation.

Over the past year, the parties have diligently litigated this case. They have collectively produced tens of thousands of pages of documents and exchanged other written discovery, including interrogatory responses, amended interrogatory responses, and responses to requests for

---

[1] The parties respectfully request that the Court extend the date of the pretrial conference by 30 days, from December 12, 2025, to January 12, 2026, or at the Court's convenience, to ensure sufficient time for dispositive motions before the current trial date of February 10, 2026.

admissions. That exchange of information led the parties to conclude that exploring a potential pathway to settlement would be worthwhile. *See* Suwanda Decl. ¶ 2. Accordingly, over the last few months, the parties have taken significant steps toward possible settlement—one that would potentially eliminate the need for this Court to adjudicate Plaintiffs' requested claims and the government's defenses.

As the parties have explained previously, the relief Plaintiffs seek is relatively unique: a DEA registration that would exempt Plaintiffs from enforcement of certain provisions of the Controlled Substances Act ("CSA") and allow Plaintiffs to legally import, manufacture, and distribute the Schedule I substance that they use in their allegedly religious ceremonies. Defendants maintain that ascertaining whether to grant a registration would comply with DEA's statutory and regulatory obligations requires extensive investigation and assessment. Consequently, Defendants maintain that the process for determining whether a settlement path is viable here—*i.e.*, whether DEA can determine if a grant of registration is warranted—is inherently labor intensive.

First, DEA must obtain a significant amount of information from Plaintiffs regarding their manufacture, distribution, importation, and consumption of the controlled substance. Aranas Decl. ¶¶ 3–4, 8. Second, DEA must conduct a thorough, in-person pre-registration inspection of Plaintiffs' premises and interview key members of Celestial Heart. *Id.* ¶¶ 3–4, 10–11. That is exactly what the parties have done here—in service of extensive settlement efforts:

- Plaintiffs provided amended interrogatory responses and answers to Defendants' follow-up questions, which DEA has since reviewed;
- Plaintiffs' counsel provided redacted timesheets, costs, and invoices;
- Plaintiffs' counsel provided a draft of a proposed settlement agreement that was similar to the settlement agreement executed in *The Church of the Eagle and the Condor, et al. v. Garland, et al.*, Case No. 22-CV-01004-PHX-SRB (D. AZ);
- DEA conducted an in-person, pre-registration inspection of Celestial Heart's premises;

- DEA conducted in-person interviews of Plaintiffs Kai Karrel and Jade Osborne;
- Plaintiffs provided additional documents following the inspection, upon DEA's request, which DEA subsequently reviewed; and
- DEA conducted additional interviews of Plaintiffs Sara Mintzer and Daniel Pozas.

*Id.* ¶¶ 7–8, 10–12; Suwanda Decl. ¶ 7.

Since the exchange of critical information that occurred during these interviews, DEA has expended—and continues to expend—significant resources assessing whether Celestial Heart's operations pose any security risks and whether those risks can be adequately mitigated, such that a potential grant of registration would be appropriate. Such assessment requires the involvement of various subject matter experts within DEA as well as review by various officials within the agency. To date, since the last extension granted by the Court on November 22, 2024, DEA has:

- Spent significant time evaluating and assessing the entire record in this case, which includes, *inter alia*, Plaintiffs' discovery responses provided in litigation, Plaintiffs' supplemental submissions and accompanying documentation, photos taken by Diversion Investigators during the inspection, and investigative reports submitted by the local DEA field office that has jurisdiction over the physical location of Celestial Heart;
- Conducted several meetings with more than ten key stakeholders at various levels within DEA's Diversion Control Division;
- Expended roughly 320 employee hours from November 22, 2024, through today, to assess and identify any security risks and possible mitigation measures with respect to Celestial Heart's operations.[2]

Aranas Decl. ¶ 12.

Those robust investigative efforts have allowed DEA to convey to Plaintiffs, through

---

[2] DEA has continued to move the settlement process forward, despite the fact that a key reviewer for this matter was out of the office on pre-planned, use-or-lose annual leave from December 9, 2024, through January 6, 2025. *See* Aranas Decl. ¶ 13.

3

counsel, a list of DEA's concerns and proposed mitigation measures with respect to Celestial Heart's operations—which are critical to any potential grant of registration. Suwanda Decl. ¶ 4. As a result, the parties submit that they have reached another inflection point, at which they will determine whether they can agree as to how best to address the concerns that DEA has identified. Given the significant efforts Defendants have expended to assess Plaintiffs' operations, and the parties' commitment to meaningfully confer on DEA's proposed mitigation measures, the parties respectfully submit that a limited 60-day extension of the schedule, excluding the pretrial conference and trial dates, will allow the parties to focus their efforts solely on resolving any remaining disputes about DEA's proposed mitigation measures, without the need to divert limited resources—including the time of Plaintiffs, DEA officials, and undersigned counsel—to completing fact discovery in this case.

To be sure, during the same period, undersigned have continued to move litigation efforts forward, despite ongoing settlement efforts and the stipulated pause on discovery to ensure a swift return to fact discovery should settlement talks break down. Suwanda Decl. ¶ 6. And while undersigned have begun to prepare for depositions of DEA officials that are scheduled for February 5 and 11, and depositions of Plaintiffs that are scheduled for February 3, 4, 6, and 7, some of those DEA officials will likely be essential to the work DEA still must do to determine whether a grant of a registration is ultimately appropriate. As a result, the press of fact discovery—which would force the parties to prepare, defend, and take, at minimum, six depositions over the next two weeks—would severely hinder the parties' abilities to work diligently on potential resolution of this case during that same time period.

Thus, in light of the concerted commitment of the parties to expeditiously and cooperatively work together toward a non-litigation resolution of the issues before this Court, the parties respectfully submit that a 60-day extension of the scheduling order, excluding the pretrial conference and trial dates, would be appropriate given the process for attempting to reach a potential settlement in this case, and the demonstrated substantial progress that has taken place

during the previous 60-day extension.  *See supra* at pp. 2–4; Aranas Decl. ¶¶ 14–15.

For the foregoing reasons, the parties therefore respectfully submit that good cause exists for the Court to enter the parties' Proposed Order regarding the discovery schedule, which accompanies this Joint Motion.

Dated: January 24, 2025                              Respectfully submitted,

*/s/ Jack Silver (with permission)*                  BRETT A. SHUMATE
Jack Silver                                          Acting Assistant Attorney General
Cal. Bar No. 160575
Law Office of Jack Silver                            JULIE STRAUS HARRIS
708 Gravenstein Hwy No. 407                          Assistant Branch Director
Sebastopol, CA 95472-2808
Telephone: (707) 528-8175                            */s/ Sarah M. Suwanda*
E-mail: JsilverEnvironmental@gmail.com               SARAH M. SUWANDA
                                                     Trial Attorney
*/s/ Sean T. McAllister (with permission)*           Civil Division, Federal Programs Branch
Sean T. McAllister, Esq., *pro hac vice*             U.S. Department of Justice
Colo. Bar No. 31350                                  1100 L Street NW
Cal. Bar No. 310962                                  Washington, D.C. 20005
McAllister Law Office, P.C.                          Telephone: (202) 305-3196
4035 E. 3rd Avenue                                   E-mail: sarah.m.suwanda@usdoj.gov
Denver, CO 80220
Telephone: (720) 448-6235                            *Counsel for Defendants*
E-mail: sean@mcallisterlawoffice.com

*Counsel for Plaintiffs*