Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

Sean T. McAllister, Esq. SB # 310962
Sean@mcallisterlawoffice.com
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
Tel. (720) 448-6235

Attorneys for Plaintiffs

*[See Signature Page for all Plaintiffs Represented]*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, *et al.*,<br><br>         Plaintiffs,<br><br>    v.<br><br>Merrick Garland, *et al.*,<br><br>         Defendants. | Case No. 1:23:cv-00545-SAB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF (ECF 46)** |

## I.    INTRODUCTION

Plaintiffs oppose Defendants' motion for relief on the basis that: 1) Defendants lack good cause; 2) Defendants have not demonstrated any "extraordinary circumstances" justifying another modification in the current Scheduling Order; 3) Defendants' claim of prejudice is self-inflicted; 4) Defendants seek to void the parties' Stipulation (EFC No. 44-3; and 5) Defendants have already effectively deposed the main Plaintiffs as part of the settlement process.

Defendants have insisted on two previous reliefs from the Scheduling Order that contained a hold on discovery, ostensibly to focus on settlement because, according to Defendants, they refused to pursue a dual track of continuing discovery while also working towards a settlement. [Decl. of J. Silver; ¶12, Exh. B - Suwanda email January 22, 2025.]

In its Order Granting in Part Second Motion to Amend the Scheduling Order (EFC No. 45) the Court stated: "The Court advises the that it will not be inclined to grant a further extension, absent extraordinary circumstances, given the timing required for the Court to consider and rule on any dispositive motions." Defendants cannot provide any "extraordinary circumstances" justifying another extension or relief from this Court's Order.  Defendants' delays and procrastination should not be rewarded by another extension. As discussed below any prejudice to Defendants is of their own making in failing to pursue discovery in a timely manner.

## II.    BACKGROUND

On April 6, 2023, nearly two years ago, Plaintiffs filed their Complaint in this case. As discussed below, Defendants have not taken one deposition, nor issued one formal notice of a deposition to any Plaintiff or third party at any time in this case. Instead, Defendants chose to delay depositions until the very end of the 11th hour, and took the risk of filing a motion for extension of discovery deadlines in January 2025, just days before the expiration of the discovery deadlines. Defendants' gamble did not pay off and now they are asking the Court to save them from their own decisions.

On November 22, 2024, the DEA conducted a pre-registration site visit of the

Celestial Heart Church. On December 4, 2024, Plaintiffs' provided redacted timesheets to Defendants as part of their claims for attorneys' fees for settlement purposes. On December 10, 2024, Plaintiffs provided Defendants with a proposed settlement based upon the settlement agreement reached by the parties in *The Church of the Eagle and the Condor, et al. v. Garland, et al.,* Case No.: 22-CV-01004-PHX-SRB (D. AZ), which agreement had been vetted by the government and signed by the Department of Justice. On December 16, 2024, Plaintiffs provided Defendants with the costs of Celestial Heart and the invoices for those costs. It was not until January 21, 2025 that Defendants responded to Plaintiffs' repeated requests for a position on settlement. However, instead of a substantive offer for settlement, Defendants' counsel presented a list of additional questions and diversion mitigations suggested by the DEA, but would not agree to put them into a settlement proposal or provide any response to Plaintiffs' December 10, 2024 proposed settlement agreement. Plaintiffs responded to the additional questions within a few days, and provided their positions on the various mitigation provisions proposed by the DEA. Despite Plaintiffs' diligence, Defendants sat on their hands nearly another month before providing their first and only draft of a settlement proposal on February 18, 2025, after business hours, which Plaintiffs saw on February 19, 2025 just two days before Defendants' filed the pending motion.

Defendants claim they "have so far expended roughly 320 employee hours from November 22, 2024, up to" January 24, 2025. (EFC No. 44-2, pg. 4, lns. 1-2). It is unclear what these hours were related to, as they did not result in a counter offer of settlement to Plaintiffs.

Plaintiffs entered into the Stipulations (EFC No. 42-1 and 44-3) with the understanding the parties would be spending that time on settlement. That did not occur. Defendants spent the time conducting "informal" discovery, possibly to be better prepared for depositions, including conducting extensive interviews with the two main Plaintiffs as part of the settlement process.

As part of their agreement to seek a 60-day extension of the discovery deadlines in their January 24, 2025 Joint Motion to Extend the Discovery Schedule, the parties agreed to pause and not resume fact discovery until March 13, 2025. With the Court only granting a 30, rather than 60 day, extension of the deadlines, the Defendants are effectively out of time to conduct depositions of non-expert witnesses. Defendants gambled that the full extension would be granted. As explained below, they should not now be bailed out from their own decisions to delay discovery and settlement in this case.

### III.    LEGAL STANDARDS

Pursuant to FRCP 16(b)(2) and (3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." FRCP 16(b)(2),(3). Pursuant to FRCP 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Scheduling orders "are the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, at 610.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Instead of being diligent, Defendants have been derelict, and waited until the 11th hour to provide a settlement proposal.

A trial court possesses "inherent power" to control its docket and calendar. *Landis v. North American Co.*, 299 U.S. 248 (1936); *Mediterranean Enterprises, Inc. v. Ssangyong Constr. Co., Ltd.*, 708 F.2d 1458, 1465 (9th Cir. 1983). A district court's decision to deny or grant a continuance will be disturbed only upon the "clearest showing" of "actual and substantial prejudice to the complaining litigant." *Martel v. County of Los Angeles*, 56 F.3d 993, 995 (9th Cir. 1995) (*citing Sablan v. Department of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988).

## IV.    ARGUMENT

### 1.    Defendants Lack Good Cause.

This case was filed on April 6, 2023, nearly two years ago.  Discovery began in January, 2024, after Defendants' motion to dismiss was denied and the parties completed their FRCP 26 conference. Thus, Defendants have had more than a year to conduct discovery including depositions. To date Plaintiffs have not received any deposition notices for the Plaintiffs or any other witnesses, and only a draft FRCP 30(b)(6) notice. Defendants have not filed any motions to compel discovery to date (though Plaintiffs deny there are grounds for such motion and note they have turned over thousands of pages of discovery documents to date). Clearly, Defendants have not been diligent in pursuing discovery in this case.

Despite this lack of diligence, Defendants claim they need to file "motions to compel, and noticing of additional witnesses—beyond the named Plaintiffs—for depositions."   [Decl. of J. Silver, ¶12, Exh. B - Suwanda email January 22, 2025.] Defendants are unwilling to engage in the informal discovery dispute process. [Decl. of J. Silver; ¶11, Exh. A - Suwanda email June 13, 2024.] Given the requirements of LRCiv 251 that would place resolution of Defendants' intended motions beyond the fact discovery cutoff date of March 13, 2025 and beyond the time suggested in Defendants' Proposed Orders (EFC Nos. 46-4 and 46-5). The same is true for the noticing and taking of multiple depositions.

### 2.    Defendants Have Not Demonstrated any "extraordinary circumstances" to Justify Another Modification of the Current Scheduling Order.

As the Court noted in its most current Order, extraordinary circumstances would be essential to justify additional extensions of the discovery schedule. Defendants have made no showing of extraordinary circumstances. In fact, the circumstances are rather ordinary. Defendants made repeated decisions to delay discovery and now seek the Court's assistance once again.

3.    <u>Defendants' Claim of Prejudice is Self-inflicted</u>.

As discussed herein, Defendants' claim of prejudice is self-inflicted.  They have failed to diligently pursue either discovery or settlement. Defendants' lack of diligence should not be rewarded by another discovery extension.

4.    <u>Defendants Seek to Void the Parties' Stipulation</u>.

The Stipulation of the parties is clear: fact discovery would not resume until March 13, 2025.  Defendants now seek the Court's assistance to abrogate the Stipulation because they decided, after the fact, it no longer serves their interests. The Court should require Defendants to honor the agreement made in the Stipulation, filed as Exhibit C to the Joint Motion (ECF 44-3).

5.    <u>Defendants Have Already Effectively Deposed the Main Plaintiffs as Part of the Settlement Process</u>.

Defendants have failed to make a "clearest showing" of "actual and substantial prejudice . . ." *id.* In fact, during the settlement process, Defendants, through DEA agents, engaged in multiple hours of interviews with the two main Plaintiffs.  Defendants have also received over 15,000 pages of discovery from Plaintiffs on every subject imaginable. Given the fact that Plaintiffs' religious practice is based heavily on religions previously recognized by the federal courts (the Santo Daime religion for example), depositions of Plaintiffs or their congregants will be of secondary importance to the testimony of experts on issues such as public safety risks, diversion risks, and other non-religious sincerity issues. Each of these topics is expected to be covered by experts in this case, and both sides will have opportunities to depose the other's experts throughout this summer. Therefore, there is no real prejudice to Defendants in denying their motion.

**V.    CONCLUSION**

For the reasons stated herein, Plaintiffs request this Court deny Defendants' Motion for Administrative Relief.

//

1   DATED:   February 26, 2025        Respectfully submitted,

2                                     LAW OFFICE OF JACK SILVER

3

4                                     By:  /s/ Jack Silver
                                              Jack Silver
5

6                                     LAW OFFICE OF SEAN T. McALLISTER

7                                     By:  /s/ Sean T. McAllister
                                              Sean T. McAllister
8

9                                     Attorneys for Plaintiffs
                                      THE CHURCH OF THE CELESTIAL HEART, KAI
10                                    KARREL, JADE J. OSBORNE, DANIEL POZAS,
                                      SARA MINTZER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28