# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

THE CHURCH OF THE CELESTIAL
HEART, *a California Religious Corporation,
on behalf of itself and all of its members*, et
al.,

            Plaintiffs,

    v.

MERRICK GARLAND, et al.,

            Defendants.

Case No. 1:23-cv-00545-SAB

ORDER DENYING DEFENDANTS'
MOTION FOR ADMINISTRATIVE RELIEF
AND MOTION TO FILE REPLY

(ECF Nos. 46, 48)

Before the Court is Defendants' Motion for Administrative Relief, seeking clarification of the Court's January 27, 2025 order that modified certain case management dates in this matter. By way of background, the parties filed a first joint motion for a 60-day extension of certain dates in the scheduling order on November 21, 2024. (ECF No. 42.) The Court granted the motion but noted that "the Court will not be as inclined to grant further extensions as such settlement sometime leads to extension after extension." (Id.) On January 24, 2025, the parties filed their second joint motion for a 60-day extension of the scheduling order, which left the Court concerned about the timing of the dispositive motion date, the pretrial conference date, as well as the trial date. (ECF No. 45.) Thus, the Court granted a 30-day extension, which moved, as relevant here, the non-expert discovery deadline to March 13, 2025. (Id.)

Defendants now move for clarification of the January 27, 2025 order because of how it

intersects with a stipulation to which the parties agreed in connection with their second motion.[1] (ECF No. 46.)  In particular, the stipulation between the parties included that should the Court grant a second 60-day extension, the parties would pause discovery for 30 days in order to focus on settlement before turning to a dual track of settlement and discovery, if necessary, for the second 30 days.  (See ECF No. 46-2.)  Defendants concede that the relief they sought in the second motion was only a 60-day extension of certain dates in the scheduling order.  (ECF No. 46, p. 3 n.3.)  Nevertheless, Defendants note that they did attach to the motion the stipulation that contained the 30-day/30-day pause/dual track term.  (ECF No. 44-3.)

Since the Court entered its order granting only a 30-day extension, the parties have disputed how to interpret their own stipulation.  Defendants' position is that the spirit of the stipulation between the parties would mean that the parties' discovery pause should last 15 days, or half the time of the extension the Court allowed.  (ECF No. 46, p. 3.)  On the other hand, Plaintiffs contend that the Court's order is clear and that their stipulation, as is, should hold. (ECF No. 47, p. 3.)  However, this would mean that discovery would be paused through the end of fact discovery.

Yet, what is before the Court is an administrative motion seeking clarification of the Court's January 27, 2025 order.  The Court finds that its order was clear.  (ECF No. 45.) Notwithstanding the stipulation attached to the motion, the motion itself sought only an extension of certain case management deadline—there was no mention of whether the Court should specify the terms of what should take place during that extension.  Nor would the Court do so generally on its own.  It is incumbent on the parties to manage discovery.  With this said, the Court is disappointed in the breakdown of communication between the parties on this issue, especially given that settlement here is a mutual goal.

In the Court's view, what Defendants seek, in reality, is either a motion to compel or a motion for modification of the scheduling order, neither of which is appropriately raised through a motion for administrative relief.  Because the Court's January 27, 2025 order is clear, the Court

---

[1] The Court observers that the parties never moved the Court to formally enter or approve the stipulation, and therefore, the stipulation remains only an agreement between the parties.  (See ECF No. 44-3.)

will deny Defendants' motion insofar as it seeks clarification.  The Court notes that this denial is not a denial on any merits should Defendants file an appropriate and timely motion for relief they seek.

Having considered Defendants' Motion for Administrative Relief, IT IS HEREBY ORDERED that Defendants' request for administrative relief is DENIED.  (ECF No. 46.)  In light of the forgoing, Defendants' motion for leave to file a reply is DENIED.  (ECF NO. 48.)

IT IS SO ORDERED.

Dated:   **February 26, 2025**

STANLEY A. BOONE
United States Magistrate Judge