YAAKOV M. ROTH
Acting Assistant Attorney General
JULIE STRAUS HARRIS
Assistant Branch Director
SARAH M. SUWANDA
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, D.C. 20005
Telephone: (202) 305-3196
E-mail: sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

The Church of the Celestial Heart, a California Religious Corporation *et al.*,

Plaintiffs,

vs.

Pamela J. Bondi *et al.*,

Defendants.

Case No. 23-cv-545-ADA-SAB

**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR EXPEDITED BRIEFING OF THEIR MOTION TO MODIFY THE SCHEDULING ORDER**

Pursuant to Local Rule 144(e), Defendants respectfully apply *ex parte* for an order setting the following expedited briefing schedule with respect to Defendants' pending Motion to Modify the Scheduling Order, whereby Plaintiffs shall file any memorandum in opposition by Wednesday, March 5, 2025, and Defendants shall file any reply by Thursday, March 6, 2025.[1] The reasons for this *ex parte* application are as follows:

1. On January 24, 2025, the parties jointly moved this Court for a 60-day extension of the then-operative scheduling order. *See* Joint Mot. to Extend Discovery Schedule ("Joint

---

[1] To the extent an *ex parte* application is not the correct vehicle for seeking expedited briefing on a pending motion, Defendants respectfully request that this Motion be treated, in the alternative, as a Motion for Administrative Relief in accordance with Local Rule 233. *See* L.R. 233 ("Examples of matters that such motions [for administrative relief] may address include "requests to shorten time on a motion.").

Motion"), ECF No. 44.[2] In support of that motion, the parties submitted a stipulation, which states, in relevant part, that the "parties each agree not to conduct discovery from now until March 13, 2025" and "stipulate to extending all current deadlines, except the pre-trial conference and trial date, by 60 days so that the parties can focus on settlement negotiations over the next 30 days." Stipulation ¶¶ 7–8, ECF No. 44-3. In other words, the parties agreed that fact discovery would be paused within the first 30 days of the contemplated 60-day extension, so that they could focus on settlement negotiations during the first 30 days. *See* Ex. A, Declaration of Sarah M. Suwanda ("Suwanda Decl.") ¶ 3.

2. On January 27, 2025, the Court granted in part the relief sought in the parties' Joint Motion and entered a scheduling order that extended the then-operative discovery deadlines by 30 days. *See* Order Granting in Part Second Mot. to Amend Scheduling Order ("January 27 Scheduling Order"), ECF No. 45.

3. Absent Court intervention, the deadline for fact discovery will close on March 13, 2025, the same date on which the parties' stipulated discovery pause expires.

4. Since January 28, 2025, Defendants have made good-faith efforts to confer with Plaintiffs on a return to fact discovery, in light of the Court's January 27 Scheduling Order. *See* Suwanda Decl. ¶ 6. Defendants undertook these efforts over the last month to reach an agreement with Plaintiffs on a return to fact discovery so as to avoid the need to seek intervention from the Court.

5. Up through at least February 19, 2025, Plaintiffs have repeatedly taken the position that the parties' stipulated discovery pause through March 13, 2025, still controls, and thus no further fact discovery—including depositions and conferrals on Defendants' anticipated motion to compel—should occur in this case. *See id.* ¶ 7.

6. In light of Plaintiffs' view of the parties' stipulated discovery pause, and the

---

[2] The parties sought a 60-day extension of the discovery schedule; they did not seek an extension of the trial date and sought only a 30-day extension of the pre-trial conference. *See* Joint Motion at 1 n.1.

2

prejudice to Defendants' defenses, Defendants filed their Motion for Administrative Relief on February 21, 2025. *See* Defs.' Mot. for Admin. Relief ("Motion for Administrative Relief"), ECF No. 46. The relief Defendants sought in that motion—an extension of the schedule—is similar to the relief they now seek in their pending Motion to Modify the Scheduling Order.

7. On February 25, 2025, Plaintiffs filed their opposition to Defendants' Motion for Administrative Relief. *See* Pls.' Opp'n to Defs.' Mot. for Admin. Relief ("Opp'n"), ECF No. 47. That opposition brief sets forth Plaintiffs' arguments for why no extension of the January 27 Scheduling Order should be granted.

8. Defendants' pending Motion to Modify the Schedule Order was filed in line with the Court's invitation to do so. *See* Order Denying Defs.' Mot. for Admin. Relief & Mot. to File Reply at 3 ("February 26 Order"), ECF No. 50 (inviting Defendants to "file an appropriate and timely motion for [the] relief they seek").

9. Defendants respectfully submit that expedited briefing is warranted here, given Defendants' interest in minimizing, to the greatest extent possible, the disruption to the schedule set by the Court; the parties' need for clarity regarding the remaining time allowed for fact discovery; the amount of time already expended on this scheduling dispute; and the fact that Plaintiffs have already articulated the grounds for their opposition to any extension of the schedule in multiple conferrals and filings.

10. Undersigned conferred with Plaintiffs' counsel, who oppose any form of expedited briefing. *See* Suwanda Decl. ¶ 9. Plaintiffs' counsel further stated that any briefing schedule should comply with Local Rule 230, such that Defendants' pending Motion to Modify the Scheduling Order would not be fully briefed for 24 days, *i.e.*, until March 27, 2025—well after the current fact discovery deadline of March 13, 2025. *Id.*

11. Defendants further submit that Plaintiffs will not be prejudiced by this expedited briefing schedule in light of the fact that the parties have already attempted to brief these issues once before. On the other hand, Defendants will be prejudiced if Plaintiffs are allowed to use the stipulated discovery pause, coupled with the Local Rules, to preclude Defendants from taking

3

depositions necessary to their defenses or resolving their anticipated motion to compel, in advance of the Court's fact discovery deadline of March 13, 2025.

12. Defendants respectfully submit that every day allotted for briefing over the parties' dispute on a return to fact discovery is time taken from the parties' ability to actually litigate and/or settle this case.

13. In the interest of resolving this dispute expeditiously in advance of the impending March 13 fact discovery deadline, and to limit the disruption to the operative January 27 Scheduling Order, Defendants respectfully request that the Court enter Defendants' expedited briefing schedule, as set forth herein, and resolve this dispute on the papers. Should the Court deem a hearing necessary, Defendants respectfully request that such a hearing be held at the Court's convenience, in advance of the noticed hearing date of April 9, 2025.

14. Because counsel for Defendants has been unable to secure a stipulation from Plaintiffs' counsel, and given the impending fact discovery deadline of March 13, 2025, Defendants submit this *ex parte* application. *See* L.R. 144(e).

*   *   *

For the foregoing reasons, Defendants respectfully submit that there is good cause for an expedited briefing schedule on this discrete issue of extending the January 27 Scheduling Order. Accordingly, Defendants respectfully request that the Court grant their *ex parte* application and enter the attached proposed order.

| | |
|---|---|
| Dated: March 3, 2025 | Respectfully submitted,<br><br>YAAKOV M. ROTH<br>Acting Assistant Attorney General<br><br>JULIE STRAUS HARRIS<br>Assistant Branch Director<br><br>/s/ Sarah M. Suwanda<br>SARAH M. SUWANDA<br>Trial Attorney<br>Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>1100 L Street NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-3196<br>E-mail: sarah.m.suwanda@usdoj.gov<br><br>*Counsel for Defendants* |