# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHURCH OF THE CELESTIAL HEART, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | Case No. 1:23-cv-00545-SAB<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME IN PART<br><br>VACATING APRIL 9, 2025 HEARING<br><br>(ECF No. 51, 52)<br><br>**DEADLINE: MARCH 6, 2025** |

On March 3, 2025, Defendants filed a motion to modify the scheduling order to extend the non-expert discovery deadline by twenty-five days in light of Plaintiffs' purported refusal to engage in the discovery process prior to the March 13, 2025 deadline. (ECF No. 51.) Defendants concurrently filed an *ex parte* application requesting that the Court to set an expedited briefing scheduling for Defendants' motion. (ECF No. 52.) In support of their *ex parte* application, Defendants provide an affidavit by counsel proffering that the need for a shortened briefing schedule is due to non-expert discovery closing on March 13, 2025, which is two weeks before the underlying motion could be heard under the timeline provided by Local Rule 230. (ECF No. 52-1 at 3.) Defendants also proffer that Plaintiffs have informed Defendants that they oppose any expedited briefing schedule, and therefore a stipulation could not be reached. (Id.) The Court finds Defendants have met the procedural requirements for an *ex parte* application to shorten time under Local Rule 144(e).

1  Defendants request that the Court set Plaintiffs' opposition due on March 5, 2025, with a
2  reply by Defendant due on March 6, 2025. (ECF No. 52.)  Given the facts pertaining to
3  Plaintiffs' continued refusal to engage in the discovery process (ECF No. 51) and the impending
4  fact discovery deadline, the Court finds good cause to grant Defendants' *ex parte* application in
5  part and set a briefing schedule on shortened time.  However, to allow Plaintiffs adequate
6  opportunity to address both Defendants' argument and the Court's directions below, the Court
7  shall order an opposition to be filed by Plaintiffs on or before February 6, 2025.  At this time, the
8  Court does not foresee a need for a reply brief by Defendants or a hearing.  Should either become
9  necessary, the Court will issue an order requesting a reply and/or setting a hearing.

10  Plaintiffs are directed to focus their opposition, if any, on the good cause standard under
11  Rule 16 of the Federal Rules of Civil Procedure.  Particularly, their position how Defendants—
12  the parties *not* asserting a non-existent stay of discovery is in place—have not shown the
13  requisite due diligence to complete discovery by the Court-ordered March 13, 2025 deadline in
14  their timely request for modification of the scheduling order. See Johnson v. Mammoth
15  Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (The "good cause" standard "primarily
16  considers the diligence of the party seeking the amendment," and the Court "may modify the
17  pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the
18  extension." "The prejudice to other parties, if any, may be considered, but the focus is on the
19  moving party's reason for seeking the modification.")

20  Accordingly, IT IS HEREBY ORDERED that:

21  1. Defendants' *ex parte* application for expedited briefing of their motion to modify
22  the scheduling order (ECF No. 52) is GRANTED IN PART;
23  2. The April 9, 2025 hearing is VACATED; and
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

3. Plaintiffs' opposition to Defendant's motion to modify the scheduling order shall be filed **no later than March 6, 2025**. A failure to file a timely opposition will be construed by the Court as a non-opposition to Defendants' motion.

IT IS SO ORDERED.

Dated:   **March 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3