Jack Silver, Esq.  SB # 160575
Law Office of Jack Silver
JsilverEnvironmental@gmail.com
708 Gravenstein Hwy North, Suite 407
Sebastopol, CA 95472-2808
(707) 528-8175
(707) 829-0934 (fax)

Sean T. McAllister, Esq. SB # 310962
Sean@mcallisterlawoffice.com
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
Tel. (720) 448-6235

Attorneys for Plaintiffs

*[See Signature Page for all Plaintiffs Represented]*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation, on behalf of itself and all of its members, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>Pamela J. Bondi, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 1:23:cv-00545-SAB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER (ECF 51)** |

## I.   INTRODUCTION

Plaintiffs oppose Defendants' motion on the basis that: 1) Defendants lack good cause for an extension, let alone extraordinary circumstances; 2) the parties' stipulation to pause discovery until March 13, 2025 is valid and binding; 3) Defendants' discovery requests are not proportionate to the needs of the case; and, 4) Defendants have not been diligent with regard to discovery or settlement, therefore Defendants' claim of prejudice is self-inflicted.

Previously, the parties agreed on two extensions of deadlines to the Scheduling Order to focus on settlement because, according to Defendants, Defendants refused to pursue a dual track of continuing discovery while also working towards a settlement. *See* ECF 47-1, Exh B. The parties' January 24, 2025 request to extend discovery deadlines included a stipulation to stop discovery until March 13, 2025. *See* Stipulation, ECF No. 44-3, at ¶7-8.  The Court's Order of January 27, 2025 granted a 30-day extension of the discovery deadlines, clearly stating that discovery would end on March 13, 2025. ECF No. 45. Despite the amended Scheduling Order, Defendants did not seek any judicial relief until February 21, 2025 when they filed their Motion for Administrative Relief. ECF No. 46, which this Court rejected.

In its Order Granting in Part Second Motion to Amend the Scheduling Order, EFC No. 45, the Court stated: "The Court advises the that it will not be inclined to grant a further extension, absent extraordinary circumstances, given the timing required for the Court to consider and rule on any dispositive motions."  Plaintiffs contend Defendants cannot provide any "extraordinary circumstances" justifying another extension or relief from this Court's Order. Defendants' delays and procrastination should not be rewarded by another extension. As discussed below any prejudice to Defendants is of their own making in failing to pursue discovery in a timely manner.

## II.   BACKGROUND

On March 26, 2024, this Court issued a Scheduling Order in this matter. ECF No.

31. On November 21, 2024, the parties filed a joint motion to extend each date by sixty days, excluding the pre-trial conference and trial date. ECF No. 42.  In support of their first request to amend the Scheduling Order, the parties detailed the status of continuing discovery and the steps taken towards potentially resolving this matter.  Defendants insisted that a 60-day extension of the Scheduling Order would allow the parties to focus their attention on DEA pre-registration inspection and facilitation of a potential settlement agreement, without engaging in discovery and discovery-related disputes that would take time and resources away from cooperative settlement negotiations that were underway. On November 22, 2024, having found good cause, this Court granted the parties' joint motion. ECF No. 43.

On November 22, 2024, the DEA conducted a pre-registration site visit of the Celestial Heart Church and conducted interviews with its main pastors, named plaintiffs Kai Karrel and Jade Osborne. A few days letter, the DEA interviewed named plaintiffs Daniel Pozas and Sara Mintzer. Following the interviews, Defendants produced a list of interrogatory type questions for Plaintiffs regarding various aspects covered in the pre-registration site visit, to which Plaintiffs provided substantive answers within days. On December 4, 2024, Plaintiffs provided redacted timesheets to Defendants. On December 10, 2024, Plaintiffs provided Defendants with a proposed settlement based upon a settlement agreement reached in the matter of, *The Church of the Eagle and the Condor, et al. v. Garland, et al.,* Case No. 22-cv-01004-PHX-SRB (D. AZ) that was vetted by the government and signed by the DOJ in 2024.  On December 16, 2024, Plaintiffs provided Defendants with Celestial Heart's costs and invoices for those costs. Over a month later, on January 21, 2025, Defendants' counsel provided a list of additional diversion mitigations that the DEA had suggested at the November 22, 2024 site visit, but would not agree to put those mitigations into a settlement proposal, or provide any response to Plaintiffs' December 10, 2024 proposed settlement agreement.

As the end of January, 2025 approached, Defendants insisted on another 60-day

extension and discovery hold which Plaintiffs found difficult to justify. However, with a promise from Defendants that a draft settlement would be provided in the very near future, and that the parties would be working exclusively towards settlement, Plaintiffs reluctantly agreed to the second extension of discovery deadlines.

Plaintiffs entered into the stipulations (EFC. No. 42-1 and 44-3) with the understanding the parties would be spending that time on settlement. That did not occur.

On February 18, 2025 Defendants provided not a red-lined counter settlement agreement, but their own settlement proposal. On February 20, 2025, Plaintiffs provided their response to Defendants' settlement proposal. On February 21, 2025, Defendants' filed a Motion for Administrative Relief pursuant to Rule 233, which was denied by this Court on February 26, 2025, the Court noting, "…this denial is not a denial on any merits should Defendants file an appropriate and timely motion for relief they seek." ECF No. 50.

On Friday, February 28, 2025, counsel for Defendants emailed Plaintiffs' counsel advising of her intent to file a motion to extend the schedule, in light of the Court's February 26, 2025 Order, and of her intent to ask for expedited briefing. *See* Declaration of Sean T. McAllister (McAllister Decl.), Exhibit A. On March 1, 2025, Plaintiffs' counsel responded indicating Plaintiffs would be opposed to an expedited briefing schedule, and providing several options for moving forward in the discovery process. *See* McAllister Decl., Exhibit B.

Defendants filed their Motion to Modify the Scheduling Order at the end of day, March 3, 2025.

As discussed herein, while Plaintiffs have been diligent in their efforts to settle this case, Defendants have not. Defendants lack good cause let alone "extraordinary circumstances" justifying another extension of the current Scheduling Order. Defendants' claim of prejudice is self-inflicted.

### III.   LEGAL STANDARDS

Pursuant to FRCP 16(b)(2) and (3), district courts must enter scheduling orders to

establish deadlines for, among other things, "to file motions" and "to complete discovery." FRCP 16(b)(2),(3). Pursuant to FRCP 16(b)(4), "A schedule may be modified only for good cause and with the judge's consent." Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, at 610. In *Johnson* the Ninth Circuit Court of Appeals explained:

. . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end. *Johnson* at 610.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Defendants here have been derelict and waited until recently to provide a settlement proposal.

FRCP 29(b) allows the parties to enter into stipulations regarding discovery procedures. Only those stipulations extending the time for any form of discovery require Court approval. Such stipulations are generally binding on the Court.

According to FRCP 26(b)(1), discovery requests in federal court must be "proportional to the needs of the case," such that parties can only obtain discovery that is relevant to the claims and defenses in the case, while also considering factors like the importance of the issues, the amount in controversy, and the burden of producing the requested information; essentially ensuring discovery is not overly burdensome or

expensive relative to the case at hand.

### IV.  ARGUMENT

1) <u>Defendants Lack Good Cause and Have Not Been Diligent with Regard to Discovery.</u>

The Court has directed Plaintiffs to focus their opposition on the good cause standard under FRCP Rule 16 - particularly on how Defendants' have not shown the requisite due diligence to complete discovery by the March 13, 2025 deadline.

On April 12, 2024, Defendants served Plaintiffs with their first and only set of Interrogatories, and on April 23, 2024, with their first and only set of Requests for Production of Documents.  Five months later, on October 7, 2024, Defendants requested available dates for Plaintiffs' depositions which were promptly provided.  Defendants did not schedule any depositions until the end of the original fact discovery in February, 2025, then promptly requested an extension. Other than providing a draft FRCP 30(b)(6) notice in September, 2024, Defendants never served any other deposition notices. Defendants had have had sufficient time to take Plaintiffs' depositions.

This case was filed on April 6, 2023, nearly two years ago.  Discovery began in January, 2024. Instead of pursuing discovery Defendants have sought extensions of discovery deadlines to supposedly focus on settlement, but instead have dug in their heels on settlement work. Defendants waited until the 11th hour of the 11th hour, and are now asking the Court to grant them another extension of the discovery deadlines to accommodate work that could have been done a year ago.  Defendants have provided no explanation as to why they did not conduct depositions, focusing only on the past few weeks or months of activity by the parties, which ignores the fact this case has been in the discovery phase for nearly 15 months. Waiting until the last minute does not constitute good cause.

Defendants now claim they need to file a motions to compel, and to take the

depositions of additional witnesses beyond the named Plaintiffs.[1] Given the meet and confer requirements of LRCiv 251, the joint statements and the time for the motion itself, that would place Defendants' motion(s) beyond the fact discovery cutoff date of March 13, 2025. Plaintiffs contend if Defendants had followed the proper procedure in LRCiv 251, they would not be out of time to do what they are seeking to do in terms of a motion to compel. The same is true for the taking of any depositions. Defendants have had more than sufficient time to conduct discovery including the taking of depositions, but have instead requested delay after delay. Again, waiting until the last minute and needing relief from the normal briefing and conferral requirements does not justify good cause. Defendants put themselves in this position by their own dilatory tactics. Any prejudice to Defendants is of their own making in failing to diligently pursue discovery.

2. <u>Defendants Have Not Been Diligent with Regard to Settlement</u>

On November 11, 2024, on Defendants' insistence, the parties jointly requested their first Request for Relief from the Scheduling Order in order to focus on settlement. To Defendants' credit, they conducted their pre-registration site visit and interviews on November 22, 2024. Then nothing until January 21, 2025, when Defendants provided Plaintiffs with a list of diversion mitigations suggested at the pre-registration site visit. Despite repeated requests, Defendants refused to provide Plaintiffs with a counter offer of settlement unless and until Plaintiffs responded to Defendants' list of diversion mitigations. Defendants insisted upon another request for relief from the Scheduling Order, which Plaintiffs found difficult to justify. However, with a promise from Defendants that a draft settlement would be provided in the very near future, and that the parties would be working exclusively on settlement, Plaintiffs reluctantly agreed to the second Request for Relief which was granted in part on January 27, 2025.

On January 30, 2025, Plaintiffs provided a response to Defendants' suggested

---

[1] Defendants have never provided Plaintiffs with a list or the names of any additional witnesses whom Defendants wished to depose. Nor have they attempted to meet and confer over their basis for filing any motions to compel.

diversion mitigations and requested, again, a response to Plaintiffs' settlement proposal. It was not until February 18, 2025, that Defendants provided not a redlined version of the proposal sent to them in December 2024, but instead a separate proposal, that by its very terms was a non-starter for Plaintiffs. Given the fact that Defendants failed to work exclusively on settlement as promised, Plaintiffs did not believe that agreeing to modify the parties' stipulation was in their best interests.

3) <u>The Parties' Stipulation to Pause Discovery until March 13, 2025 is Valid and Binding.</u>

The Parties entered into a Stipulation agreeing to stop discovery until March 13, 2025. This Stipulation did not require the Court's approval in advance and is binding regardless of the fact that other parts of the Stipulation were not ultimately approved by the Court. The parties agreed that Defendants would focus on settlement through March 13, 2025. Instead, Defendants now seek to do what they opposed doing throughout the case: continue discovery while at the same time discussing settlement. Defendants should be held to their agreement and the fact discovery deadlines should not be extended given the lack of good cause.

4) <u>Defendants' Discovery Requests are not Proportionate to the Needs of the Case.</u>

Plaintiffs have turned over to Defendants almost 16,000 pages of discovery documents. Plaintiffs' disclosures to Defendants included, but were not limited to, (a) detailed church doctrine and protocol documents; (b) lists of every ceremony and participant during the requested period; (c) detailed bank and financial records during the requested period; (d) responses to interrogatories, including amended responses following Defendants' request for clarifications of initial answers; and (e) informal discovery responses to Defendants' questioning during the site visit.

Defendants' suggestion that they need to compel further disclosures to assess minute details of various responses are not proportional to the needs of the case. Defendants' suggestion that they may depose up to 15 individuals, including over 10 non-

named parties are also not proportionate to the needs of the case. This case is about Plaintiffs' sincere religious beliefs related to their use of their sacrament, ayahuasca. Defendants have not made any showing why these additional discovery requests are proportionate to the needs of the case, let alone that there is good cause to seek this information nine months before trial.

The requests to continue fishing expeditions into the previous written discovery on topics like ESI-authenticity and other minor details will significantly increase the costs of the case for Plaintiffs. The request for 15 depositions alone will cost Plaintiffs six figures or more in attorneys' attendance at 15 days of depositions.

**V.    CONCLUSION**

Having failed to show good cause or extraordinary circumstances, and given the fact that any prejudice to Defendants is of their own making in failing to pursue discovery in a timely manner, Plaintiffs respectfully request this Court deny Defendants' third request to extend discovery deadlines in the form of Defendants' Motion to Modify the Scheduling Order.

Should the Court grants Defendants' Motion to Modify, Plaintiffs' respectfully request the Court allow Defendants to take only the depositions of the named Plaintiffs to this action, that completion of non-expert discovery not be extended beyond March 31, 2025, and that all other deadlines in the January 27, 2025 Scheduling Order, ECF No. 45, remain the same.[2]

DATED: March 6, 2025        Respectfully submitted,

LAW OFFICE OF JACK SILVER

By: /s/ *Jack Silver*
        Jack Silver

---

[2] Plaintiffs have provided a Proposed Order in the event this Court grants, in part, Defendants' motion.

| | |
|---|---|
| DATED: March 6, 2025 | LAW OFFICE OF SEAN T. McALLISTER |
| | By: */s/ Sean T. McAllister* |
| |     Sean T. McAllister |
| | Attorneys for Plaintiffs<br>THE CHURCH OF THE CELESTIAL HEART, KAI KARREL, JADE J. OSBORNE, DANIEL POZAS, SARA MINTZER |