# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHURCH OF THE CELESTIAL HEART, et al.<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, et al.,<br><br>Defendants. | Case No. 1:23-cv-00545-SAB<br><br>ORDER GRANTING DEFENDANTS' OPPOSED MOTION TO MODIFY THE SCHEDULING ORDER IN PART<br><br>(ECF Nos. 51, 54) |

Currently before the Court is Defendants' opposed motion to modify the scheduling order to extend each deadline—exclusive of the pretrial conference and trial—by twenty-five days in light of Plaintiffs' purported refusal to engage in the discovery process prior to the March 13, 2025 deadline. For the following reasons, the Court finds good cause exists to grant Defendant's motion to modify the scheduling order in part.

## I.

## BACKGROUND

A scheduling order issued on March 26, 2024. (ECF No. 31.) On November 21, 2024, the parties timely filed a stipulated motion to modify all dates contained within by sixty days to allow the parties to focus their attention on DEA pre-registration inspection and facilitation of a potential settlement agreement. (ECF No. 42.) On November 22, 2024, the Court granted the

1    stipulated motion. (ECF No. 43.) In doing so, the Court advised the parties that it would not be

2    as inclined to grant further extensions as such settlement sometime leads to extension after

3    extension. (Id.)

4          On January 24, 2025, the parties timely filed a stipulated motion to modify the discovery

5    deadlines by an additional sixty days for the substantially same reasons as those presented in

6    their first motion. (ECF No. 44.) On January 27, 2025, the Court found good cause existed to

7    grant the motion in part, granting only a thirty-day extension. (ECF No. 45.) The Court advised

8    the parties that it would not be inclined to grant a further extension, absent extraordinary

9    circumstances, given the timing required for the Court to consider and rule on any dispositive

10   motions. (Id.) The parties never moved the Court to formally enter or approve of a stipulation to

11   stay discovery.

12         On February 21, 2025, Defendants filed a motion for administrative relief seeking

13   clarification of whether the Court intended for discovery activities to resume before the close of

14   fact discovery, March 13, 2025. (ECF No. 46.) Defendants relayed that Plaintiffs had refused to

15   work with Defendants to complete fact discovery under the assumption that that the parties'

16   informal stipulation of a thirty-day discovery pause controls, and that settlement may moot

17   Defendants' discovery-related concerns. Defendants requested that the Court instruct the parties

18   to commence discovery immediately and to extend the fact discovery deadline by fourteen days.

19   On February 26, 2025, the Court denied the motion on procedural grounds, noting that

20   Defendants sought either a motion to compel or a motion for modification of the scheduling

21   order, neither of which are appropriately raised through a motion for administrative relief. (ECF

22   No. 50.)

23         On March 3, 2025, Defendants filed the instant motion for modification of the briefing

24   schedule. (ECF No. 51.) On March 6, 2025, Plaintiffs filed their opposition. (ECF No. 54.)

**II.**

**LEGAL STANDARD**

27         This Court generally has significant discretion and authority to control the conduct of

28   discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil

1  Procedure 16(b) provides that the district court must issue a scheduling order that limits "the
2  time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R.
3  Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the
4  judge's consent." Fed. R. Civ. P. 16(b)(4).

5       The "good cause" standard "primarily considers the diligence of the party seeking the
6  amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To
7  establish good cause, the party seeking the modification of a scheduling order must generally
8  show that even with the exercise of due diligence, they cannot meet the requirement of that
9  order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the
10  moving party's reason for seeking the modification. Id. If the party seeking to amend the
11  scheduling order fails to show due diligence the inquiry should end, and the court should not
12  grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087
13  (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into
14  diligence] include: whether the movant was diligent in helping the court to create a workable
15  Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of
16  the scheduling conference caused the need for amendment; and whether the movant was diligent
17  in seeking amendment once the need to amend became apparent." United States ex rel. Terry v.
18  Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks
19  and citation omitted) (alteration in original).

20       **III.**

21       **DISCUSSION**

22       Defendants represent that, in drafting the stipulated January 24, 2025 motion to modify
23  the scheduling order, the parties agreed not to conduct discovery from approximately January 21,
24  2025 until March 13, 2025. (ECF No. 51-1 at 4.) Defendants concede that the parties' informal
25  stipulation to stay discovery for the first thirty days of the proposed sixty-day extension was not
26  expressly incorporated nor conveyed to the Court in the parties' January 24, 2025 stipulated
27  motion. (Id. at 5.) Defendants contend that the informal agreement was contingent on the Court
28  granting a sixty-day extension of the fact discovery. (Id.) When the Court granted the parties'

1   motion in part by extending the deadline by only thirty days, Defendants believed the parties'

2   informal agreement to stay discovery no longer remained in effect.  (Id.)

3       Plaintiffs disagree.  Plaintiffs contend that the parties' informal stipulation to stay

4   discovery until March 13, 2025 is "valid and binding" as such stipulation "did not require the

5   Court's approval in advance."  (ECF No. 54 at 8.)  The Court agrees with Plaintiffs that Court

6   approval is not required for the parties to enter into informal stipulations related to discovery

7   management.  However, Court approval becomes necessary when a party attempts to judicially

8   enforce such agreement.  Here, Plaintiffs request that the Court "[hold] Defendants to their

9   agreement" of a now-disputed informal stipulation to stay discovery that was neither expressly

10  conveyed to the Court in any motion nor entered by the Court.  (Id.)

11      The Court declines to do so.  Plaintiffs' asserted thirty-day stay of discovery would

12  render the Court's thirty-day extension to the nonexpert discovery deadline meaningless.  It is

13  illogical to order that the parties complete fact discovery *no later than* March 13, 2025, and also

14  enforce an unincorporated agreement by the parties to not engage in discovery *until* March 13,

15  2025.  Rather, on January 27, 2025, the Court found good cause to extend non-expert discovery

16  by thirty days without limitation.  Fact discovery has therefore remained open since the original

17  scheduling order issued on March 26, 2024 and, "absent extraordinary circumstances," it is set to

18  close on March 13, 2025. (ECF No. 45.)

19      Plaintiffs argue Defendants cannot provide any "extraordinary circumstances" justifying

20  further extension to the scheduling order.  It is undisputed, however, that Plaintiffs have refused

21  to engage in the discovery process since the Court's order and have informed Defendants that

22  they would continue to abstain from participating in any discovery until March 13, 2025, the

23  same day discovery closes.  This indubitably qualifies as an extraordinary circumstance that

24  warrants further extension of the scheduling order, subject to Defendants' showing of diligence.

25      The Court finds Defendants have been diligent in seeking amendment of the scheduling

26  order.  See Johnson, 975 F.2d at 609.  On January 28, 2025, the day after the Court's order

27  granting only a thirty-day extension of time,  Defendants contacted Plaintiffs to confer how to

28  proceed.  (ECF No. 51-2 at ¶ 13.)  Defendants proffer, and Plaintiffs do not dispute, that

1   Defendants were willing to informally agree to a modified discovery stay until approximately
2   February 18, 2025, or half the time of the thirty-day extension granted by the Court.  (Id.)  On
3   February 18, 2025, Defendants renewed their request for an immediate return of fact discovery
4   via an email to counsel for Plaintiffs.  (ECF No. 51-6 at 3.)  On February 19, 2025, Plaintiffs
5   maintained their position that the informal stipulated stay of discovery ends on March 13, 2025.
6   (ECF Nos. 51-2 at ¶¶ 15; 51-6 at 1.)  Two days later, Plaintiffs filed their motion for
7   administrative relief requesting that the Court compel Plaintiffs to engage in discovery or,
8   alternatively, grant an extension of the discovery deadlines.  (ECF No. 46.)  Three business days
9   after the Court denied the motion as procedurally improper, Defendants filed the instant motion.
10  (ECF No. 51.)

11          Given this undisputed timeline, the Court finds that Defendants have been diligent in
12  attempting to engage in the discovery process and in seeking amendment once the need to amend
13  became apparent.  See United States ex rel. Terry, 327 F.R.D. at 404.  Accordingly, the Court
14  finds both extraordinary circumstances and good cause exist to grant Defendant's request to
15  extend the current deadlines in the scheduling order by twenty-five days, including nonexpert
16  discovery until April 7, 2025.  The Court finds the limited twenty-five-day timeframe is
17  proportional to the time lost by Plaintiffs' refusal to conduct discovery.

18          As an alternative, Plaintiffs request that the Court limit Defendants to only deposing the
19  five named plaintiffs between March 10, 2025 and March 31, 2025 and retain all other deadlines.
20  (ECF No. 54 at 9.)  The Court does not find good cause to reward Plaintiffs' refusal to engage in
21  the discovery process.  Further, Plaintiffs' requested limitation is highly prejudicial to
22  Defendants, given they have been denied—and continue to be denied—the opportunity for non-
23  expert discovery without limitation.  The Court finds no prejudice to Plaintiffs in granting
24  Defendants' requested extension to April 7, 2025, particularly given the parties originally
25  stipulated to an April 14, 2025 non-expert discovery cutoff.  (ECF No. 44-4.)

26          To be clear, no stay of discovery is in place.  Should any party refuse to engage in the
27  discovery process deadline, the Court will entertain timely motions for sanctions.

28  / / /

Defendants also request, in their motion only[1], that the Court allow the parties to "hold open fact depositions after the fact discovery deadline for the sole purpose of allowing the parties to depose those witnesses on matters only discovered following the resolution of any motions to compel." (ECF No. 51-1 at 2.) The Court shall deny this request as premature. Should the parties foresee the need to conduct limited and specific discovery past April 7, 2025 as a result of a granted discovery motion, the party must request such relief in their timely motion and make a particularized showing of good cause. In the alternative, the parties may agree to conduct discovery after the expiration of the discovery deadlines. However, they must do so without judicial enforcement, as any motion to compel or other discovery motion to the Court to enforce such agreement made after the cutoff "may result in denial of the motion as untimely." (See ECF No. 31 at 3.)

Given Defendants' intimation they plan to move to compel written disclosures and depositions, the Court shall summarily remind the parties of this Court's discovery dispute procedures. The scheduling order provides that:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. *Absent good cause, discovery motions will not be heard after the discovery deadlines.* Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other *words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel.* Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.
>
> If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint

---

[1] Defendants' request is not included in Defendants' proposed order. (See ECF No. 51-9.) Particularly given the current issue arises from a request for judicial enforcement of relief not memorialized in a motion or proposed order submitted to the Court, the Court admonishes both parties that, moving forward, **motions and proposed orders provided to the Court must embody *all* provisions of the requested relief.** L.R. 137.

Statement must be filed fourteen (14) calendar days before the scheduled hearing date….[2] Motions will be removed from the court's hearing calendar if the Joint Statement is not timely file….In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

(Id. at 3, 4.)  The Court also reminds the parties of the availability of the undersigned's informal discovery dispute procedure, which is intended to avoid litigation costs and quickly resolve an issue.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.    Defendants' motion to modify the scheduling order (ECF No. 51) is GRANTED IN PART;

2.    The scheduling order is amended as follows:

a.    Non-expert discovery deadline: **April 7, 2025**;

b.    Expert disclosure deadline: **June 16, 2025**;

c.    Supplemental expert disclosure deadline: **July 21, 2025**;

d.    Expert discovery deadline: **August 25, 2025**;

e.    Dispositive motion deadline:  **October 6, 2025**; and

3.    All other dates—including the **January 9, 2026** pretrial conference and **February 10, 2026** trial—and aspects of the March 26, 2024 scheduling order shall remain in effect at this time.

IT IS SO ORDERED.

Dated:  __**March 7, 2025**__                    _____

STANLEY A. BOONE
United States Magistrate Judge

---

[2] Pursuant to the Court's General Civil Case Information located on the undersigned's webpage, the undersigned "DOES NOT require 'Courtesy Copies' be submitted to his chambers. The CM/ECF electronic filing is sufficient."