YAAKOV M. ROTH
Acting Assistant Attorney General
JULIE STRAUS HARRIS
Assistant Branch Director
SARAH M. SUWANDA
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Telephone: (202) 305-3196
sarah.m.suwanda@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Pamela J. Bondi, in her official capacity as Attorney General of the United States, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-545-SAB<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF** |

Defendants respectfully request that, subject to the Court's availability, the Court enter an order continuing the hearing on Defendants' Motion to Compel, ECF No. 56, by two days, until April 4, 2025. Counsel for the parties have conferred, and counsel for Plaintiffs report that they do not oppose the relief requested.[1]

---

[1] On March 17, 2025, Plaintiffs filed their own motion to compel. *See* ECF No. 57. That filing would require the parties' joint statement to be filed on March 24, 2025, and a hearing to be held on April 7, 2025. *See id.*; *see also* Local Rule 251. Defendants respectfully submit that they have requested an extension of time until April 4, 2025, to allow an opportunity for the Court to decide their Motion to Compel, and possibly for any relief ordered to be effectuated, by the later of the close of fact discovery on April 7, 2025, or another date agreed upon between the parties. However, to the extent the Court is willing to hear discovery motions on April 7 (the deadline for

As the Court is aware, in recent months, the parties have been engaged in productive settlement discussions. *See, e.g.*, Decl. of Sarah M. Suwanda, ECF No. 51-2, ¶¶ 7–14. At the same time, Defendants have sought to preserve their ability to adequately defend this case, should settlement talks break down. *See, e.g.*, Mem. in Support of Defs.' Mot. to Modify January 27 Scheduling Order ("Motion to Modify"), ECF No. 51-1, at 9–12. To account for that possibility, Defendants moved to extend the fact discovery deadline, so that the parties would have sufficient time to take depositions and litigate outstanding issues concerning the parties' written discovery requests. *See id.* On March 7, 2025, the Court granted in part Defendants' Motion to Modify and extended the fact discovery deadline until April 7, 2025. *See* ECF No. 55.

Shortly thereafter, on March 12, 2025, Defendants filed their Motion to Compel, addressing certain deficiencies in Plaintiffs' responses to Defendants' requests for production and interrogatories. *See* ECF No. 56. Defendants noticed the hearing on that motion for April 2, 2025, at 9:00 a.m., or as soon thereafter as that motion may be heard by the Court, *see id.*, mindful of the Court's order that "motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time," ECF No. 31, at 3, and the requirements of Local Rule 251(a), which provides that a hearing on a discovery motion may be held no sooner than twenty-one (21) days from the date of filing and service of the notice of motion and motion. In addition, pursuant to Local Rule 251, the parties must meet and confer and file a joint statement regarding Defendants' Motion to Compel at least fourteen (14) days before the scheduled April 2 hearing date, *i.e.*, by Wednesday, March 19, 2025.

The same day that Defendants filed their Motion to Compel, March 12, 2025, the parties had a productive discussion regarding Defendants' latest settlement proposal. The following day, on March 13, 2025, Plaintiffs provided a written response to Defendants' proposal. Defendants have been considering Plaintiffs' response carefully and anticipate that they will provide an updated settlement offer, addressing Plaintiffs' positions, by tomorrow, March 18, 2025.

---

close of fact discovery), Defendants would not object to continuing the hearing on Defendants' Motion to Compel until April 7, should the Court deem it more efficient and/or useful to hear all disputes in one hearing.

Defendants believe the parties are quite close to reaching a mutually agreeable settlement of this matter. But the coming days will be critical to the success (or failure) of those efforts. Accordingly, Defendants submit it would be counterproductive for the parties to expend their limited resources in continuing to confer regarding written discovery disputes and preparing the joint statement regarding Defendants' Motion to Compel for filing on March 19, instead of focusing their attention on outstanding issues for settlement.

Given these developments, Defendants respectfully submit that justice would be served by continuing the hearing date for their Motion to Compel by two days, until April 4, 2025. This brief continuance of the hearing date would permit the parties to give appropriate precedence to their settlement efforts at this critical juncture. At the same time, the requested continuance will ensure that, if settlement is not achieved, the parties have adequate time to confer and file a joint statement regarding Defendants' Motion to Compel at least fourteen days before the new hearing date, *i.e.*, by March 21, 2025. Finally, an April 4 hearing date will provide the Court with an opportunity to act on Defendants' Motion to Compel before the fact discovery deadline, including, if the Court grants that motion, to issue an order that Plaintiffs supplement their discovery responses, as requested in Defendants' proposed order, ECF No. 56-1, by the later of April 7 or another date agreed upon between the parties. *See* ECF No. 55, at 6 (noting that the "the parties may agree to conduct discovery after the expiration of the discovery deadlines"); *Guardian Prot. Prods., Inc. v. G.P.P., Inc.*, 2024 WL 4792937, at *4, *9 (E.D. Cal. Nov. 14, 2024) (noting parties' ability to agree to facilitate the completion of timely served discovery requests, even after the formal close of the fact discovery period).

In light of the foregoing, and in order to promote further settlement discussions, avoid potentially needless litigation expense to the parties, and, if appropriate, allow additional time for the parties to confer regarding Defendants' Motion to Compel, Defendants respectfully request that the Court continue the hearing on Defendants' Motion to Compel, ECF No. 56, by two days, until April 4, 2025.

| | |
|---|---|
| Dated: March 17, 2025 | Respectfully submitted, |
| | YAAKOV M. ROTH<br>Acting Assistant Attorney General |
| | JULIE STRAUS HARRIS<br>Assistant Branch Director |
| | */s/ Sarah M. Suwanda*<br>SARAH M. SUWANDA<br>Trial Attorney<br>United States Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 305-3196<br>sarah.m.suwanda@usdoj.gov |
| | *Counsel for Defendants* |