Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

Sean T. McAllister, Esq. SB # 310962
Sean@mcallisterlawoffice.com
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
Tel. (720) 448-6235

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation, *et al.*,<br><br>    Plaintiffs,<br>  v.<br><br>Pamela J. Bondi, in her official capacity as Attorney General of the United States, *et al.*,<br><br>    Defendants. | Case No. 1:23:cv-00545-SAB<br><br>**PLAINTIFFS' EXPEDITED MOTION FOR ANCILLARY JURISDICTION AND REQUEST FOR SHORTENING TIME** |

The parties to this action resolved this matter by way of a fully executed Settlement Agreement on May 5, 2025.  *See,* Declaration of Jack Silver, ¶ 2 , Exhibit A.

The executed Settlement Agreement provides that Plaintiffs shall dismiss this case with prejudice, pursuant to FRCP 41(a), within fifteen (15) days of receipt of payment.

As of this filing, the Department of Justice has submitted a request to the Department of Treasury for execution of payment, and the parties fully expect that the stipulation of dismissal—the text of which has already been negotiated by the parties—will be filed promptly, and within fifteen (15) days of such payment.

The parties have agreed that Plaintiffs may seek to request that this Court retain jurisdiction over any breach-of-contract disputes arising out of the Settlement Agreement as per Paragraph 87 and 92.c. of the parties' Settlement Agreement which state:

> 87. Venue & Jurisdiction: The parties agree that any dispute arising between and among the parties to this Agreement shall be resolved pursuant to the dispute resolution procedures specified in Article IX of this Agreement. If such procedures do not resolve the dispute, the Parties agree that jurisdiction is retained by and venue is proper in the United States District Court for the Eastern District of California for its resolution.
>
> 92.c. If the dispute is not resolved by the Parties through mediation, either Party may apply to the U.S. District Court for the Eastern District of California for relief, which shall retain jurisdiction solely for this purpose.

This Court's retention of jurisdiction to enforce a settlement agreement is discretionary. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994). "If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." *Id.* 381. See also *Kokkonen v. Guardian Life Ins. Co.* 1993 U.S. App. LEXIS 12448*.

> A district court has the "inherent power summarily to enforce a settlement agreement with respect to an action pending before it . . . . The authority of a trial court to enter a judgment enforcing a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the concomitant avoidance of costly and time consuming litigation." *Dacanay v.*

*Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978) (citations omitted) *Wilkinson v. Federal Bureau of Investigation*, 922 F.2d 555, 557 (9th Cir. 1991). Thus, the district court may, following its dismissal of an action pursuant to a settlement agreement, enter a subsequent order enforcing the terms of the agreement. See *Wilkinson*, 922 F.2d at 557.   *Id.* At *2.

Plaintiffs respectfully request this Court to retain jurisdiction over any breach-of-contract disputes arising out of the Settlement Agreement dated May 5, 2025 as agreed upon by the parties.

Pursuant to L.R. 144(e) Plaintiffs request this motion be expedited on the basis that once Plaintiffs receive payment, as per the terms of the Settlement Agreement, Plaintiffs must dismiss this case with prejudice within fifteen (15) days.  Given the standard briefing schedule, there would not be sufficient time for this Court to rule on Plaintiffs' motion for ancillary jurisdiction. Therefore, good cause exists for shortening time to hear this motion.

Defendants have advised Plaintiffs that they intend to oppose Plaintiffs' motion, despite agreeing that Plaintiffs may seek to request that this Court retain jurisdiction over any breach-of-contract disputes arising out of the parties' executed Settlement Agreement.

DATED:   March 20, 2025          Respectfully submitted,

LAW OFFICE OF JACK SILVER

By:  /s/ *Jack Silver*
     Jack Silver

LAW OFFICE OF SEAN T. McALLISTER

By:  /s/ *Sean T. McAllister*
     Sean T. McAllister

Attorneys for Plaintiffs