Jack Silver, Esq. SB 160575
JsilverEnvironmental@gmail.com
Law Office of Jack Silver
708 Gravenstein Hwy North, # 407
Sebastopol, CA 95472-2808
Tel. (707) 528-8175
Fax. (707) 829-0934

Sean T. McAllister, Esq. SB # 310962
Sean@mcallisterlawoffice.com
McAllister Law Office, P.C.
4035 E. 3rd Avenue
Denver, CO 80220
Tel. (720) 448-6235

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Church of the Celestial Heart, a California Religious Corporation, *et al.,*<br><br>Plaintiffs,<br>v.<br><br>Pamela J. Bondi, in her official capacity as Attorney General of the United States, *et al.*,<br><br>Defendants. | Case No. 1:23:cv-00545-SAB<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR ANCILLARY JURISDICTION**<br><br>Date:   July 9, 2025<br>Time:  10:00 am<br>Ctrm:   9<br>Judge:  Hon. Stanley A. Boone |

1  Plaintiffs' motion requesting this Court retain jurisdiction over the parties' Settlement Agreement [Doc. 69] is simple and straight forward and should be decided without oral argument and before Plaintiffs are required to dismiss this case on June 14, 2025.

There appears to be no real conflict as to the facts or the law. The parties to this action entered into a Settlement Agreement that provides: "the Parties agree that jurisdiction is retained by and venue is proper in the United States District Court for the Eastern District of California for its resolution." Doc. 69-1, Exhibit A ¶87.  And, "If the dispute is not resolved by the Parties through mediation, either Party may apply to the U.S. District Court for the Eastern District of California for relief, which shall retain jurisdiction solely for this purpose." Doc. 69-1, Exhibit A ¶92.c.

Plaintiffs recognize the parties "have no power to confer jurisdiction on the district court by agreement or consent." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Absent retention of jurisdiction, a dispute about the terms of a private settlement agreement is contractual in nature. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016) ("[A] dispute arising under a settlement agreement is 'a separate contract dispute requiring its own independent basis for jurisdiction.'") As such, "a party seeking to enforce the terms of the settlement agreement must file a new action in a court that has subject-matter jurisdiction." *Hill v. Kaiser Found. Health Plan*, 2015 U.S. Dist. LEXIS 117218 at *5 (N.D. Cal. 2015).

However, under the doctrine of ancillary jurisdiction, "a federal court may exercise ancillary jurisdiction over collateral proceedings . . . to enforce a settlement agreement." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 965 (9th Cir. 2014).  To establish ancillary jurisdiction over the parties' Settlement Agreement, this Court must incorporate the agreement into an order retaining jurisdiction over the agreement. See, *Kokkonen* at 381.

The decision to exercise ancillary jurisdiction over the parties' Settlement Agreement is discretionary. *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268, 1269 (9th Cir.

1996).  Plaintiffs recognize that "a district court [is] under no obligation to reserve such jurisdiction in the first place." *id.*

However, considering judicial economy and the unambiguous agreement of the parties that, "that jurisdiction is retained by and venue is proper in the United States District Court for the Eastern District of California for its [the Settlement Agreement's] resolution," (Doc. 69-1, Exhibit A ¶87) it seems proper for this Court to exercise ancillary jurisdiction over the parties' Settlement Agreement.

Dated: June 6, 2025                     Respectfully submitted,

                                        LAW OFFICE OF JACK SILVER

                                        By:  /s/ *Jack Silver*
                                                      Jack Silver

                                        LAW OFFICE OF SEAN T. McALLISTER

                                        By:  /s/ *Sean T. McAllister*
                                                      Sean T. McAllister

                                        Attorneys for Plaintiffs

Plaintiffs' Reply to Defendants' Opposition
to Motion for Ancillary Jurisdiction