# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHURCH OF THE CELESTIAL HEART, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAMELA J. BONDI, et al., <br><br> Defendants. | Case No. 1:23-cv-00545-SAB <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR ANCILLARY JURISDICTION <br><br> ORDER VACATING JULY 9, 2025 HEARING <br><br> (ECF Nos. 67, 69, 71, 72) |

Currently before the Court is Plaintiffs' amended motion for ancillary jurisdiction.[1] The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Having reviewed the moving, opposition, and reply papers, as well as the Court's file, Plaintiffs' amended motion for ancillary jurisdiction shall be denied.

**I.**

**BACKGROUND**

On April 2, 2025, the parties filed a "joint notice of settlement in principle." (ECF No. 63.) The same day, the Court found good cause to extend the deadline to file dispositional documents within forty-five (45) days based upon the parties' proffered posture of the settlement agreement. (ECF No. 64.) The Court ordered that the parties file either dispositional documents or a status

---

[1] On May 21, 2025, Plaintiffs filed an expedited motion for ancillary jurisdiction. (ECF No. 67.) Although Plaintiffs invoked Local Rule 144(e), no corresponding application or proposed order to shorten time was filed. The same day, the Court denied the construed request to shorten time to hear the motion without prejudice as procedurally improper and noted the substantive motion would be governed by the deadlines contained in Local Rule 230. (ECF No. 68 at 2.) No procedurally proper application to shorten time was filed. Instead, on May 23, 2025, Plaintiffs filed an amended motion for ancillary jurisdiction which omits Plaintiffs' prior request for expedited briefing but makes nearly identical arguments. (ECF No. 69.) The Court shall deny the May 21, 2025 motion (ECF No. 67) as moot and shall only address the substantially similar motion filed on May 23, 2025 (ECF No. 69) herein.

1  report no later than May 19, 2025.  (ECF No. 64.)

2  On May 19, 2025, the parties filed a joint status report informing the Court that the matter has
3  been resolved and that dispositional documents would be filed.  (ECF No. 65.)  The Court construed
4  the parties' status report as a notice of settlement and, because no date upon which dispositional
5  documents would be filed was specified by the parties, the Court ordered that such documents be
6  filed no later than June 10, 2025.  (ECF No. 65 (citing L.R. 160(b) (requiring that the Court fix a date
7  for dispositional documents to be filed within twenty-one (21) days of the notice of settlement, absent
8  good cause shown to extend such time)).)

9  Notably, no request for an extension of time to file dispositional documents has been filed.
10 The Court does not independently find good cause supports an extension of the current June 10, 2025
11 deadline.  Thus, contrary to Plaintiffs' contention that they are required to dismiss this case with
12 prejudice on or before June 14, 2025 (ECF No. 72-1 at 2), **the deadline to file dispositional**
13 **documents remains, by order of this Court, June 10, 2025.**

14 Plaintiffs filed the instant motion on May 23, 2025, requesting that the Court retain ancillary
15 jurisdiction to enforce the settlement agreement executed by the parties on May 5, 2025.   (ECF No.
16 69.)  On June 4, 2025, Defendants filed their opposition.  (ECF No. 71.)  On June 5, 2025, Plaintiffs
17 filed their reply.  (ECF No. 72.)

18 **II.**
19 **DISCUSSION**

20 Once the terms of a settlement agreement are finalized and the settlement agreement is
21 signed by the parties, dismissal is not dependent upon performance but rather the settlement of
22 the action.  This is because performance of a settlement agreement is technically a separate
23 proceeding from the lawsuit filed in federal court.  K.C. ex rel. Erica C. v. Torlakson, 762 F.3d
24 963, 965 (9th Cir. 2014); see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378
25 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over
26 disputes arising out of an agreement that produces the stipulation. . . . Enforcement of the
27 settlement agreement, however, whether through award of damages or decree of specific
28 performance, is more than just a continuation or renewal of the dismissed suit, and hence

1  requires its own basis for jurisdiction.")

2  Under the doctrine of ancillary jurisdiction, "a federal court <u>may</u> exercise ancillary 3 jurisdiction over collateral proceedings . . . to enforce a settlement agreement." <u>Id.</u> (emphasis 4 added). Critically, however, "[f]ederal courts 'have no inherent power to enforce settlement 5 agreements entered into by parties litigating before them.'" <u>Id.</u> at 967 (quoting <u>Arata v. Nu Skin 6 Int'l, Inc.</u>, 96 F.3d 1265, 1268 (9th Cir. 1996)). "Rather, courts have ancillary jurisdiction to 7 enforce a settlement agreement only 'if the parties' obligation to comply with the terms of the 8 settlement agreement ha[s] been made part of the order of dismissal—either by separate 9 provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by 10 incorporating the terms of the settlement agreement in the order.' " <u>Torlakson</u>, 762 F.3d at 967 11 (quoting <u>Kokkonen</u>, 511 U.S. at 381).

12  Here, Plaintiffs request that this Court exercise ancillary jurisdiction to enforce the 13 parties' fully executed settlement agreement which provides, in part, that "jurisdiction is retained 14 by and venue is proper in the United States District Court for the Eastern District of California 15 for its resolution" (ECF No. 69-1, Exhibit A, ¶ 87) and that if a "dispute [between the Parties 16 concerning any alleged breach of this Agreement] is not resolved by the Parties through 17 mediation, either Party may apply to the U.S. District Court for the Eastern District of California 18 for relief, which shall retain jurisdiction solely for this purpose" (<u>Id.</u> at ¶ 92.c). Recognizing this 19 Court's exercise of ancillary jurisdiction over the parties' settlement agreement is purely 20 discretionary, Plaintiffs argue it "seems proper" for this Court to exercise such discretion in 21 consideration of judicial economy and the unambiguous language contained within the parties' 22 settlement agreement. (ECF No. 72.)

23  The Court declines to exercise ancillary jurisdiction. The parties agree that the terms of 24 the settlement agreement have been finalized and the agreement has been executed. (ECF No. 25 65.) Plaintiffs fail to explain how judicial economy favors ancillary jurisdiction to enforce 26 <u>performance</u> of the parties' settlement agreement in this particular action.[2] Further, contrary to

---

[2] Plaintiffs confirm the settlement payment was received on May 30, 2025. (ECF No. 72-1 at 2.) Plaintiffs fail to proffer what residual terms of the agreement needs to be performed and potentially enforced by this Court.

Plaintiff's contention that the parties have agreed that this Court should retain jurisdiction over any breach of contract disputes arising out of the settlement agreement, Defendants vehemently dispute that the parties agreed or otherwise mutually intended that this Court retain jurisdiction or incorporate the terms of the agreement into a judicial order.  (ECF No. 71 at 4-5.)  Regardless of whether the parties agreed or intended to agree that the Court would retain jurisdiction over any breach of the settlement agreement, "[t]he parties have no power to confer jurisdiction on the district court by agreement or consent."  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988); see also Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) ("Ordinarily, a dispute arising under a settlement agreement is 'a separate contract dispute requiring its own independent basis for jurisdiction.' " (citation omitted)).[3]  The Court does not find good cause to exercise ancillary jurisdiction for performance of the fully executed settlement agreement.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing set in this matter for July 9, 2025 is VACATED;
2. Plaintiffs' motion for ancillary jurisdiction filed on May 21, 2025 (ECF No. 67) is DENIED as moot;
3. Plaintiffs' amended motion for ancillary jurisdiction is DENIED; and
4. The parties SHALL file dispositional documents **no later than June 10, 2025**, pursuant to the Court's May 20, 2025 order (ECF No. 66; L.R. 160(b)).

IT IS SO ORDERED.

Dated: **June 9, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] Indeed, this Court generally denies stipulations by parties to retain jurisdiction following dismissal.  See, e.g., Lopez v. AT&T Mobility Servs., LLC, No. 1:20-CV-01219-SAB, 2024 WL 21537, at *1 (E.D. Cal. Jan. 2, 2024).